RICHARD A. SMITH, WSBA 15127
SMITH LAW FIRM
314 No. Second Street
Yakima, WA 98901
Telephone: 509-457-5108

**Attorney for Defendant**
Donovan Cloud

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
(Honorable Salvador Mendoza, Jr.)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DONOVAN CLOUD,<br><br>　　　　　　　Defendant. | NO. 1:19-CR-02032-SMJ-2<br><br>MOTION *IN LIMINE* AND REQUEST ADDITIONAL TIME TO REQUEST A *DAUBERT* HEARING<br><br>DATE:　　October 8, 2019<br>TIME:　　8:30 a.m. |

TO: Clerk of U.S. District Court, Eastern District of Washington
TO: Thomas J. Hanlon, Assistant United States Attorney

**COMES NOW** DONOVAN CLOUD by and through his attorney of record, Richard A. Smith of **Smith Law Firm**, and moves the court *in limine* and requests additional time to determine whether a *Daubert* hearing is appropriate or necessary.

MOTION *IN LIMINE* AND REQUEST FOR
ADDITIONAL TIME TO REQUEST A *DAUBERT*
HEARING - Page 1

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

This motion is made based upon the Memorandum of Points and Authorities submitted with this motion and the Federal Rules of Evidence 401, 403, 701, 702 and Federal Rule of Criminal Procedure 16(a)(1)(G).

DATED this 10th day of September, 2019.

>Presented by:
>
>/s/ Richard A. Smith
>RICHARD A. SMITH, WSBA 15127
>Attorney for Defendant Donovan Cloud
>314 North Second Street
>Yakima, WA 98901
>rasmith@house314.com
>smithone@house314.com
>Phone: (509) 457-5108
>Fax:  (509) 452-4601

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION *IN LIMINE* AND REQUEST FOR ADDITIONAL TIME TO REQUEST A *DAUBERT* HEARING

### 1. Request for Additional Time to Determine if a *Daubert* Hearing is Appropriate or Necessary.

Defense Counsel has received laboratory reports regarding DNA testing and fingerprint comparison in discovery. In addition, Defense Counsel has received in discovery regarding a K-9 tracking dog and its participation in this investigation. In response to the materials previously received counsel has requested additional discovery pursuant to case law and Federal Rule of Criminal Procedure 16(A)(1)(G). The additional discovery requested is needed to determine whether a *Daubert* hearing is appropriate or necessary. Defense Counsel is unable to request a *Daubert* hearing

MOTION *IN LIMINE* AND REQUEST FOR
ADDITIONAL TIME TO REQUEST A *DAUBERT*
HEARING - Page 2

SMITH LAW FIRM
314 North Second Street
Yakima, WA  98901
(509) 457-5108

at this time based upon the discovery currently provided by the Government. Consequently, counsel requests a continuance of the time set by the Case Management Order [ECF 79] to request a *Daubert* hearing.

2. **Impermissible "Overview Testimony".**

It is not uncommon for the government to attempt to elicit testimony from testifying police officers, explaining why they targeted their investigation on the defendant. Mr. Cloud asks that, should such introductory comments be sought in this case, the witnesses be ordered not to testify as to the contents of out-of-court hearsay statements or other inadmissible evidence outside of their personal knowledge. Such "overview testimony" would violate Rule 801 of the Federal Rules of Evidence and the Sixth Amendment's Confrontation Clause. *United States v. Flores-De-Jesus*, 569 F.3d 8 (1st Cir. 2009); *United States v. Garcia-Morales*, 382 F.3d 12, 17 (1st Cir. 2004) ("Hearsay does not become admissible merely because it is provided by a government agent in the form of an overview of the evidence"); *United States v. Griffin*, 324 F.3d 330, 349 (5th Cir. 2003) ("We unequivocally condemn this practice as a tool used by the government to paint a picture of guilt before the evidence has been introduced"). Furthermore, when a government agent testifies not as to his or her personal knowledge, but as to conclusions or opinions drawn about an overall investigation (such as who was involved or what roles were played), the testimony becomes impermissible vouching. *United States v. Garcia*, 413 F.3d 201, 214 (2nd Cir. 2005) ( "We ... condemn the practice of having a case agent offer a summary opinion as to culpability before any evidence to support such a conclusion has been presented for jury review"). *United States v. Cases*, 356 F.3d 104, 120 (1st Cir. 2004) ("Overview testimony by government agents is especially problematic because juries may place greater weight on evidence perceived to have the imprimatur of the government").

MOTION *IN LIMINE* AND REQUEST FOR
ADDITIONAL TIME TO REQUEST A *DAUBERT*
HEARING - Page 3

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

This fundamental problem with "overview testimony" persists, regardless of whether the sources of the testimony eventually testify, thus eliminating confrontation problems. *United States v. Flores-De-Jesus*, 569 F.3d 8, 17-18 (1st Cir. 2009). Accordingly, Mr. Cloud asks that overview testimony be prohibited altogether, regardless of when a particular witness testifies or whether the witness's testimony is corroborated by that of other percipient witnesses.

3. **The Court should prohibit statements made by any indicted or unindicted co-conspirator or accomplice which directly or indirectly refer to Donovan Cloud unless or until the Court has determined the admissibility of any statement outside the presence of the jury.**

Statements of co-conspirators are admissible if they were made "by the parties co-conspirator during and in furtherance of the conspiracy".

Mr. Cloud objects to the admission of any statement alleged to be made against him or implicating him under the co-conspirator rule until it is determined that any proposed statement meets the requirements of FRE 801(d)(2). The Defendant objects to admission of statements against him under the co-conspirator hearsay rule if (1) the statements are idle chatter or otherwise cannot be regarded in furtherance of a conspiracy; (2) made before the conspiracy was formed or after the conspiracy ended; (3) was made by a co-conspirator to law enforcement before or after the arrest of the maker of the statement; and (4) if the statement is self-serving by accomplices and potential conspirators who are receiving benefits or consideration in exchange for their testimony against Mr. Cloud. These statements are inherently unreliable and must be tested and excluded under FRE 403. Mr. Cloud requests that the Government be required to identify statements it intends to introduce under FRE 801(d)(2)(E) at or before the pre-trial conference so that the Court can determine admissibility outside the presence of the jury.

MOTION *IN LIMINE* AND REQUEST FOR
ADDITIONAL TIME TO REQUEST A *DAUBERT*
HEARING - Page 4

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

**4. Opinion testimony by any person who has not been previously identified as an expert and who the Government has failed to previously provide discovery pursuant to FRCrP 16(a)(1)(G).**

Federal Rule of Criminal Procedure 16(a)(1)(G) provides in part as follows:

> G. Expert witnesses – At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial …
>
> The summary provided under this paragraph must describe the witnesses' opinions, the basis and reasons for those opinions, and the witnesses' qualifications.

Mr. Cloud requests the Court prohibit any opinion testimony by any person who has not previously been identified as an expert and/or who the Government has failed to provide discovery pursuant to FRCrP 16(a)(1)(G) at or before the time that pre-trial motions are due pursuant to the Case Management Order [ECF 79].

**5. Testifying witnesses should be excluded from the courtroom under FRE 615.**

The Defendant requests that all witnesses be excluded from the courtroom until they are excused from service, pursuant to FRE 615. Should the law enforcement agent, chosen by the Government to sit at counsel's table during the trial, be a percipient witness, the Defendant would ask that the case agent's testimony be taken first, so as not to violate the spirit of FRE 615. See *United States v. Valencia-Riascos*, 696 F.3d 938 (9th Cir. 2012) ("good practice to require case agent witnesses to testify first").

/ / /

MOTION *IN LIMINE* AND REQUEST FOR
ADDITIONAL TIME TO REQUEST A *DAUBERT*
HEARING - Page 5

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

**6. Leave to file additional motions *in limine*.**

The Defense hereby reserves the right to file additional motions *in limine* should the need arise prior to the trial.

DATED this 10th day of September, 2019.

Presented by:

/s/ Richard A. Smith
RICHARD A. SMITH, WSBA 15127
Attorney for Defendant Donovan Cloud
314 North Second Street
Yakima, WA 98901
rasmith@house314.com
smithone@house314.com
Phone: (509) 457-5108
Fax: (509) 452-4601

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on September 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Thomas J. Hanlon, Assistant United States Attorney.

/s/ Lugene M. Borba
LUGENE M. BORBA
Legal Assistant, Smith Law Firm

MOTION *IN LIMINE* AND REQUEST FOR
ADDITIONAL TIME TO REQUEST A *DAUBERT*
HEARING - Page 6

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108