**RICHARD A. SMITH, WSBA 15127**
**SMITH LAW FIRM**
314 No. Second Street
Yakima, WA  98901
Telephone:  509-457-5108

**Attorney for Defendant**
Donovan Cloud

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### (Honorable Salvador Mendoza, Jr.)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>DONOVAN CLOUD,<br><br>                    Defendant. | )<br>)<br>)  NO.  1:19-CR-02032-SMJ-2<br>)<br>)<br>)  MOTION FOR BILL OF<br>)  PARTICULARS<br>)<br>)  DATE:        October 8, 2019<br>)  TIME:        8:30 A.M.<br>)<br>) |

**TO:**   **Clerk of U.S. District Court, Eastern District of Washington**
**TO:**   **Thomas J. Hanlon, Assistant United States Attorney**

**COMES NOW** DONOVAN CLOUD by and through his attorney of record,

Richard A. Smith of *Smith Law Firm*, and moves the Court to direct the filing of a

Bill of Particulars by the Government.

This motion is made based upon Federal Rule of Criminal Procedure 7(f) and

the Memorandum of Points and Authorities submitted with this motion.

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108

DATED this 10th day of September, 2019.

Presented by:

/s/ Richard A. Smith
RICHARD A. SMITH, WSBA 15127
Attorney for Defendant Donovan Cloud
314 North Second Street
Yakima, WA 98901
rasmith@house314.com
smithone@house314.com
Phone: (509) 457-5108
Fax: (509) 452-4601

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR BILL OF PARTICULARS

Federal Rule of Criminal Procedure 7(f) provides as follows:

(f)     **Bill of Particulars**.  The court may direct the government to file a Bill of Particulars.  The defendant may move for a Bill of Particulars before or within 14 days after arraignment or at a later time if the court permits.  The Government may amend the Bill of Particulars subject to such conditions as justice requires.

A Bill of Particulars is "intended to supplement the Indictment by providing more detail of the facts upon which the charges are based". *United States v. Inryco, Inc.,* 642 F.2d 290 (9ᵗʰ Cir. 1981).  By providing a defendant with the specifics of the charge, a Bill of Particulars serves three purposes:  (1) to aid a defendant in preparing for trial; (2) to eliminate surprise at trial; and (3) to protect against double jeopardy. See *United States v. Burt*, 765 F.2d 1364 (9ᵗʰ Cir. 1985).  Close issues should be resolved in favor of additional disclosure.  As the court stated in *United States v.*

MOTION FOR BILL OF PARTICULARS -
Page 2

SMITH LAW FIRM
314 North Second Street
Yakima, WA  98901
(509) 457-5108

*Manetti*, 323 F.Supp. 683 (D.Del. 1971):

> The Bill of Particulars is designed to fill any gap between the facts disclosed by the Indictment and that "set of facts" which will permit the defendant the opportunity of preparation. What constitutes this "set of facts" in a given case, however, is a somewhat elusive concept. Obviously, it is something other than the minimum which would apprise the defendant of the charges against him and, therefore, be sufficient to sustain an Indictment. Otherwise, there would be no purpose of a Bill of Particulars … in the gray areas, the doubt must be resolved in favor of disclosure and the conflicting concerns must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense. *Id* at 696.

In this case Donovan Cloud is charged together with James Dean Cloud in Count 4 of the Superseding Indictment with a violation of 18 U.S.C. §§ 1201(a)(2), (g)(1), and 3559(f)(2), 2. 18 U.S.C. § 1201(a)(2) provides as follows:

> § 1201.    **Kidnapping**.
> (a)    Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away or holds for ransom or reward of otherwise any person, except in the case of a minor by the parent thereof, when –
> (2)    Any such act against the person is done within the special maritime and territorial jurisdiction of the United States …

Count 4 of the Superseding Indictment charges as follows:

> On or about June 8, 2019, in the Eastern District of Washington, the Defendants, DONOVAN QUIN CARTER CLOUD and JAMES DEAN CLOUD, both Indians, who were not parents, grandparents, brothers, sisters, aunts, uncles, or individuals having legal custody of Minor A, did unlawfully kidnap, abduct, confine, and seize a person identified as Minor A, who had not then attained the age of eighteen years, all within the boundaries of the Yakama Nation Indian Reservation, in Indian Country; in violation of 18 U.S.C. §§

MOTION FOR BILL OF PARTICULARS -
Page 3

1201(a)(2, (g)(1), and 3559(f)(2), 2.

In the case of *United States v. Boykin*, 794 F.3d 939 (8th Cir. 2015), the defendant challenged the sufficiency of the Indictment because it failed to contain the element of kidnapping requiring that the purpose of the kidnapping was "for ransom, reward or otherwise". The court held that the noted language was not an essential element of the 18 U.S.C. § 1201(a) charge. The court cited *Clinton v. United States*, 260 F.2d 824 (5th Cir. 1958):

> It is difficult to see how the addition of the words "for ransom or reward or otherwise" would have added anything to the Indictment because obviously "otherwise" comprehends any purpose at all. <u>If appellant desired to know more of the purpose the government intended to prove for his unlawful holding, he could have made a proper motion before trial to that end.</u> [emphasis added] His failure to do so waived his right to raise the point after conviction. *Knight v. Hudgpeth* (Hudspeth), 112 F.2d 137 (10th Cir. 1940). *Knight v. United States*, 137 F.2d 940 (8th Cir. 1943).

In this case, Count 4 fails to include the statutory language, "holds for ransom or reward or otherwise" at all.

In the case of *United States v. Bentley*, 310 F.2d 685 (6th Cir. 1962), Mr. Bentley claimed that the Indictment did not sufficiently charge the crime. The Indictment charged him with holding the victims for "ransom, reward or otherwise" when the evidence related solely to a purpose other than ransom or reward. In response the court stated:

> We are of the opinion that such an Indictment need not contain any details of purpose or motive, and that it is sufficient if it charges such purpose or motive to be for "ransom, or reward or otherwise …"

> If appellant had desired information as to the specific motive or purpose claimed in the kidnapping Indictment, he could have secured

MOTION FOR BILL OF PARTICULARS -
Page 4

it by asking for a Bill of Particulars, as did his co-defendant in requesting the government to set forth the meaning of "otherwise as authorized by Rule 7(f) of the Federal Rules of Criminal Procedures".

However, this does not mean that the phrase "held for ransom or reward or otherwise" is surplusage. The word to be emphasized is "held", for "involuntariness of seizure and detention – is the very essence of the crime of kidnapping". *Chatwin v. United States*, 326 U.S. 455 (1946). Thus the true elements of the offense are an unlawful seizure and holding ... *Hayes v. United States*, 296 F.2d 657 (8th Cir. 1961); *Clinton v. United States*, 260 F.2d 824 (5th Cir. 1958).

Count 4 of the Superseding Indictment fails to include the charging language of the kidnapping statute and fails to include the essential element of "holding". *Gawne v. United States,* 409 F.2d 1399 (9th Cir. 1969). The charge does not provide the Defendant reasonable certainty of the nature of the accusation against him. The need for a Bill of Particulars regarding the omitted statutory language, i.e. the purpose and motive of the kidnapping, is particularly necessary here based upon the charge of kidnapping in Count 4 joined with the charge of carjack in Count 1 of the Superseding Indictment. As noted in *Clinton v. United States*, *supra*, "If appellant desired to know more of the purpose the government intended to prove for his unlawful holding, he could have made a proper motion before trial to that end". Consequently, Donovan Cloud moves this Court for a Bill of Particulars as to Count 4 of the Superseding Indictment.

DATED this 10th day of September, 2019.

Presented by:

/s/ Richard A. Smith
RICHARD A. SMITH, WSBA 15127
Attorney for Defendant Donovan Cloud

MOTION FOR BILL OF PARTICULARS -
Page 5

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

1

2

3

CERTIFICATE OF SERVICE

4

5    I hereby certify under penalty of perjury of the laws of the State of Washington

6  that on September 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the

7  following:

8

9    Thomas J. Hanlon, Assistant United States Attorney.

10

11                */s/ Lugene M. Borba*

12                LUGENE M. BORBA

13                Legal Assistant, Smith Law Firm

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30  MOTION FOR BILL OF PARTICULARS -          **SMITH LAW FIRM**
Page 6                        314 North Second Street

31                             Yakima, WA  98901
                                (509) 457-5108