William D. Hyslop
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
Richard C. Burson
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone:  (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>DONOVAN CLOUD,<br><br>                    Defendant. | NO:   1:19-CR-02032-SMJ-2<br><br>GOVERNMENT'S RESPONSE TO MOTION FOR BILL OF PARTICULARS |

Plaintiff, United States of America, by and through William D. Hyslop, United States

Attorney for the Eastern District of Washington, and Thomas J. Hanlon and Richard C. Burson,

Assistant United States Attorneys for the Eastern District of Washington, hereby responds to

Motion for Bill of Particulars (ECF No. 95).

**Facts**

**Emergency Calls**

On June 8, 2019, at approximately 4:04 p.m., the Yakima County Sheriff's Office

("YCSO") received an emergency call from a victim who reported that she and others had been

Government's Response to Motion For
Bill of Particulars

shot.  The victim reported that she was traveling in a vehicle.  Officers quickly located the vehicle on Evans Road, White Swan, Washington.  YCSO deputies discovered three adult victims who had suffered gunshot/pellet wounds.[1]  After conducting an interview, the deputies learned that the victims had just fled from 5151 Medicine Valley Road, White Swan, Washington.  The deputies were advised that there were deceased persons at the above address.

Law enforcement officers responded to the residence and discovered multiple deceased persons.[2]  It was clear that the suspect(s) fled from the property.

At approximately 4:48 p.m., an emergency call was received.  The reporting party advised of a carjacking in progress.  Law enforcement officers immediately responded to the emergency call.  The carjacking scene was a short distance, approximately 10 miles, from the homicide scene.

**Investigation**

During the investigation, law enforcement learned that a silver colored 2008 Chevrolet Silverado ("Silverado") was found broken down on the side of the road near the carjacking scene.  Law enforcement subsequently learned that the owner of the Silverado had been murdered at 5151 Medicine Valley Road.  Law enforcement believed that the murderer(s) stole the Silverado from 5151 Medicine Valley Road.  The Silverado broke down approximately 10 miles from 5151 Medicine Valley Road.  The occupants exited the Silverado and went looking for another vehicle to steal to flee from the area.

On the afternoon of June 8, 2019, a family (two adults and children) were at home.  At approximately 4:45 p.m., the Defendants approached the residence.  James Dean Cloud ("James") was armed with a shotgun.  Donovan Quinn Carter Cloud ("Donovan") was armed

---

[1] One of the three individuals was deceased.
[2] All of the deceased victims were adults.

Government's Response to Motion For
Bill of Particulars

with a pistol.  Both demanded keys for a vehicle.  Donovan held his pistol to the head of Minor A while demanding that the property owner give him the keys for a vehicle.   James and the property owner entered the residence to obtain the keys.  The property owner provided a set of truck keys to James.  James handed the keys to Donovan.  Minor A was forced to enter the bed of the truck.  Donovan entered the driver's side of the truck. James entered the passenger side of the truck.  Donovan quickly backed the truck into the yard.  Donovan put the truck in drive and began to accelerate.  Minor A quickly jumped from the truck and was able to escape.  Donovan and James fled in the stolen truck.

Both the murders and the carjacking incident occurred within the external boundaries of the Yakama Nation.

On July 17, 2019, a five count superseding indictment was filed. (ECF No. 59).  As relevant here, the Defendants have been charged with Kidnapping Minor A.  On July 18, 2019, an arraignment hearing was held.

Count 4 of the superseding indictment (ECF No. 59) reads:

> On or about June 8, 2019, in the Eastern District of Washington, the Defendants, DONOVAN QUINN CARTER CLOUD and JAMES DEAN CLOUD, both Indians, who were not parents, grandparents, brothers, sisters, aunts, uncles, or individuals having legal custody of Minor A, did unlawfully kidnap, abduct, confine, and seize a person identified as Minor A, who had not then attained the age of eighteen years, all within the boundaries of the Yakama Nation Indian Reservation . . .

**Argument**

Under Federal Rule of Criminal Procedure 7(f), the Defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. Typically, "a motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

Government's Response to Motion For
Bill of Particulars

"The purpose of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense. These purposes are served if the indictment itself provides sufficient details of the charges and if the government provides full discovery to the defense." *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984). A defendant "is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986), *cert. denied*, 481 U.S. 1057 (1976); *Yeargain v. Untied States*, 314 F.2d 881, 882 (9th Cir. 1963).

In determining if a bill of particulars should be ordered, a court should consider whether the defendant has been adequately advised of the charges through the indictment and all other disclosures made by the government. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.), *cert. denied*, 444 U.S. 979 (1979). Full discovery will obviate the need for a bill of particulars. *Id.*; *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973).

In the instant case, the government has provided over 4,000 pages of discovery. All known police reports documenting the carjacking/kidnapping have been provided in discovery. There is no reason that the Defendant cannot discern the information contained therein and prepare an intelligent defense.

An indictment is inadequate when it fails to place alleged crimes within any time frame. *United States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979). Here, the precise date of the carjacking/kidnapping has been identified in the superseding indictment. (ECF No. 59).

The Defendant argues that a bill of particulars is required as Count 4 of the superseding indictment (kidnapping) fails to include the charging language of the kidnapping statute and fails to include the essential element of holding.

4

Government's Response to Motion For
Bill of Particulars

1    The essence of kidnapping under federal law is the involuntariness of the seizure or

2   detention.  *Gawne v. United States*, 409 F.2d 1399, 1403 (9th Cir. 1969).  A kidnapping which

3   occurs on an Indian reservation is a general intent crime and "the prosecution need not prove that

4   the defendant committed the kidnapping for any particular purpose."  *United States v. Sneezer*,

5   983 F.2d 920, 922 (9th Cir. 1992).   An indictment is not insufficient as to fail to charge an

6   offense under the kidnapping statue, by reason of omission of the words "and held."  *Hall v.*

7   *United States*, 410 F.2d 653, 659 (4th Cir. 1969).  "An indictment charging kidnapping under

8   1201 is sufficient, even though it does not charge that the person kidnapped was held "for

9   ransom or reward or otherwise."  *United States v. Boykin*, 794 F.3d 939, 9470948 (8th Cir. 2015).

10    Here, the indictment and discovery apprise the Defendant of the charges against him, so

11   that he can defend himself against the charges.  Therefore, a bill of particulars is unnecessary.

12

13    DATED this 17th day of September, 2019.

14

15                WILLIAM D. HYSLOP
                United States Attorney

16

17                s/Thomas J. Hanlon
                THOMAS J. HANLON
18                Assistant United States Attorney

19

20                s/Richard C. Burson
                RICHARD C. BURSON
21                Assistant United States Attorney

Government's Response to Motion For
Bill of Particulars

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     I hereby certify that on September 17, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:  Richard A. Smith

                        <u>s/THOMAS J. HANLON</u>
Thomas J. Hanlon
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Avenue, Suite 210
Yakima, WA 98901
Phone: (509) 454-4425

Government's Response to Motion For
Bill of Particulars