RICHARD A. SMITH, WSBA 15127
SMITH LAW FIRM
314 No. Second Street
Yakima, WA 98901
Telephone: 509-457-5108

**Attorney for Defendant**
Donovan Cloud

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
(Honorable Salvador Mendoza, Jr.)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>DONOVAN CLOUD,<br><br>                Defendant. | NO. 1:19-CR-02032-SMJ-2<br><br>DEFENDANT'S RESPONSE TO THE GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FED. R. EVID. 404(b) |

TO: Clerk of U.S. District Court, Eastern District of Washington
TO: Thomas J. Hanlon, Assistant United States Attorney

**COMES NOW** DONOVAN CLOUD by and through his attorney of record, Richard A. Smith of *Smith Law Firm*, and responds to the Government's Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b) [ECF 92]. Donovan Cloud requests that any evidence, information or mention of events alleged to have

DEFENDANT'S RESPONSE TO THE
GOVERNMENT'S NOTICE OF INTENT TO
INTRODUCE EVIDENCE PURSUANT TO FED.
R. EVID. 404(b) - Page 1

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

occurred at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, White Swan, Washington, on June 8, 2019, be excluded from the Government's case-in-chief.

1. **Events alleged to have occurred at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are not "inextricably intertwined" with the offenses charged in the Indictment.**

According to law enforcement reports, on June 8, 2019, Yakima County dispatch advised that a blue 2007 Chevy Silverado pickup was taken at gunpoint from a residence at ▮▮▮▮▮▮▮▮▮▮▮▮, White Swan, Washington. Dispatch broadcasted that two suspects, both armed, one with a handgun, one with a shotgun possibly Native males, one in a tank top and shorts, second suspect in a blue shirt.

On arrival at the residence law enforcement spoke to multiple witnesses who told them what they observed when the Chevy Silverado was taken from their residence. Their observations included that two individuals were observed in their back yard allegedly holding a gun to the head of S.V. and pointing a gun at other members of the family while asking for the keys to the 2007 Silverado pickup. During the theft of the pickup, S.V. was placed in the bed of the pickup and then jumped out of the pickup as it left the residence. Based upon these events Mr. Cloud was charged with carjacking and kidnap.

Count 1 of the Superseding Indictment charges a violation of 18 U.S.C. § 2119. 18 U.S.C. § 2119 provides in part as follows:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped or received in interstate or foreign commerce from the person or the presence of another by force and violence or by intimidation, or attempts to do so, shall – (1) be fined under this title or imprisoned not more than 15 years, or both …

DEFENDANT'S RESPONSE TO THE
GOVERNMENT'S NOTICE OF INTENT TO
INTRODUCE EVIDENCE PURSUANT TO FED.
R. EVID. 404(b) - Page 2

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

Count 4 of the Superseding Indictment charges a violation of 18 U.S.C. § 1201(1)(2). 18 U.S.C. § 1201(a)(2) provides in part as follows:

> (a)    Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts or carries away and holds for ransom or reward or otherwise any person ... when – (2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States;
>
> Shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

Any evidence, information or mention of the events alleged at ▇▇▇▇▇▇▇▇ ▇▇, White Swan, is not necessary for the prosecutor to present a coherent story regarding the commission of an alleged carjack and kidnap and does not constitute part of a transaction that serves as a basis for the charges. The allegations regarding the events at ▇▇▇▇▇▇▇▇, White Swan, if proven, stand alone to support a conviction on the charges in the Superseding Indictment.

As recognized in *United States v. Gorman*, 613 F.3d 711, 718 (7th Cir. 2010), the concept of "inextricably intertwined" evidence is of questionable validity. "If evidence is not direct evidence of the crime itself, it is usually propensity evidence simply disguised as inextricably intertwined evidence and therefore improper." Because the "inextricably intertwined" theory of admissibility is "over used, vague, and quite unhelpful" the Seventh Circuit has prohibited its use. *Gorman*, 613 F.3d at 719.

The Ninth Circuit has not yet gone so far as to invalidate the "inextricable intertwinement" doctrine. However, the court has held that the test for admission under this theory is quite strict. *United States v. Vizcarra-Martinez*, 66 F.3d 1006 (9th

DEFENDANT'S RESPONSE TO THE
GOVERNMENT'S NOTICE OF INTENT TO
INTRODUCE EVIDENCE PURSUANT TO FED.
R. EVID. 404(b) - Page 3

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

Cir. 1995). If the prosecution can present its case in a coherent manner without referencing the other act evidence, the evidence should be excluded unless it meets the terms of Fed. R. Evid. 404(b). *United States v. Vizcarra-Martinez*, 66 F.3d at 1013.

In *United States v. DeGeorge*, 380 F.3d 1203 (9th Cir. 2004), cited by the Government, the court allowed a very limited use of a defendant's prior insurance loss history in an insurance fraud case. The court found that the evidence of the defendant's marine loss did not appear to be "inextricably intertwined" because the prior losses were too far removed in both time and circumstance to be linked with the alleged fraud. However, the court found that the prior loss evidence did fit into the second category, that is, that it was necessary to allow the United States to present a coherent story.

In *DeGeorge, Id*, however, the concealment by the defendant of his prior losses had an important factual connection to several counts contained in the Indictment, including the conspiracy count. The government specifically alleged that Mr. DeGeorge's scheme included sham transactions to hide his ownership of the boat and concealment of his loss history on the insurance application. The court held that the jury would not have understood the relevance of the transaction and concealment without hearing at least some explanation why the defendant could not obtain insurance in his own name. Further, the court limited the use of the prior loss evidence to correspond with the issue to which it was relevant; defendant's non-disclosure of prior losses. *United States v. DeGeorge*, 380 F.3d 1203 (9th Cir. 2004).

In the present case, the Government is not limited in its ability to present any allegation as charged in the Superseding Indictment by the court's order excluding any evidence of the events at ▬▬▬▬▬▬▬▬▬▬, White Swan.

| DEFENDANT'S RESPONSE TO THE GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FED. R. EVID. 404(b) - Page 4 | SMITH LAW FIRM<br>314 North Second Street<br>Yakima, WA 98901<br>(509) 457-5108 |
|---|---|

2. **Federal Rule of Evidence 404(b).**

Any evidence, information or mention of the events alleged to have occurred at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, White Swan, should not be admitted under Fed. R. Evid. 404(b). Under Fed. R. Evid. 404(b) evidence of prior acts may not be admitted to prove a defendant's character but it may be admitted for other purposes such as to show knowledge and intent, if it satisfies the following requirements:

(1) it must prove a material element of the offense for which the defendant is now charged;

(2) in certain cases, the prior conduct must be similar to the charge conduct;

(3) proof of the prior conduct must be based upon sufficient evidence; and

(4) the prior conduct must not be too remote in time.

*United States v. Basinger*, 60 F.3d 1400 (9th Cir. 1995) (citing *United States v. Arambul-Ruiz*, 987 F.2d 599 (9th Cir. 1993). In addition, the probative value of the evidence must outweigh its prejudicial effect under Fed. R. Evid. 403.

Applying this test, the court has also stated that:

> … Extrinsic acts evidence is not looked upon with favor. We have stated that our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Thus, guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrong doing.

*United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993).

With these rules in mind the Government contends the court should allow the admission of evidence of five homicides to establish motive, opportunity, intent and plan (ECF 92, page 5, line 16-18). Significantly, the Government does not engage in any probative value versus prejudicial effect analysis in support of its request. Also,

DEFENDANT'S RESPONSE TO THE
GOVERNMENT'S NOTICE OF INTENT TO
INTRODUCE EVIDENCE PURSUANT TO FED.
R. EVID. 404(b) - Page 5

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

without explanation or evidentiary support is the Government's claim "the Government intends to introduce to show ... the homicides at Medicine Valley, were both committed by the defendants". (ECF 92, page 5, line 2-5)

Here the Defendant submits the Government's motion fails to support a finding that the Defendant committed the "other acts" and that the proposed evidence does not tend to prove a material element of the crimes charged. Even if the court were to find some minimal relevance of the "other act" evidence, after a proper submission of proof of the prior conduct, the evidence should be prohibited under Fed. R. Evid. 403 as its probative value is substantially outweighed by its prejudicial effect. Evidence is unfairly prejudicial if it has an undue tendency to suggest a decision on an improper basis such as emotion or character rather than evidence presented on the crime charged. Fed. R. Evid. 403, Advisory Committee's note; *Carter v. Hewitt*, 617 F.2d 961 (3rd Cir. 1980); *United States v. Joetzki*, 952 F.2d 1090 (9th Cir. 1991). It is difficult to conceive of more prejudicial evidence than the homicides that the Government requests to introduce here. See *United States v. Murray*, 103 F.3d 310 (3rd Circ. 1997) ("evidence in a murder trial but the defendant committed another prior murder poses a high risk of unfair prejudice"). See *United States v.* Carpenter, No. 17-10498 (9th Cir. 2019) (finding abuse of discretion admitting evidence of prior drug use in case charging kidnap, the court stated drug use is highly prejudicial). Certainly here, in a case where the evidence of a carjacking and a kidnap would stand on which charge stand on their own, any evidence, information or mention of homicides occurring at ███████████████, White Swan, should be prohibited.

///

///

///

DEFENDANT'S RESPONSE TO THE
GOVERNMENT'S NOTICE OF INTENT TO
INTRODUCE EVIDENCE PURSUANT TO FED.
R. EVID. 404(b) - Page 6

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

DATED this 17th day of September, 2019.

Presented by:

/s/ Richard A. Smith
RICHARD A. SMITH, WSBA 15127
Attorney for Defendant Donovan Cloud
314 North Second Street
Yakima, WA 98901
rasmith@house314.com
smithone@house314.com
Phone: (509) 457-5108
Fax:  (509) 452-4601

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on September 17, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Thomas J. Hanlon, Assistant United States Attorney
Richard Burson, Assistant United States Attorney

/s/ Lugene M. Borba
LUGENE M. BORBA
Legal Assistant, Smith Law Firm

DEFENDANT'S RESPONSE TO THE
GOVERNMENT'S NOTICE OF INTENT TO
INTRODUCE EVIDENCE PURSUANT TO FED.
R. EVID. 404(b) - Page 7

SMITH LAW FIRM
314 North Second Street
Yakima, WA  98901
(509) 457-5108