1   **MARK A. LARRAÑAGA**
  **WALSH & LARRAÑAGA**
2   **705 2ⁿᵈ Ave., Ste. 501**
3   **Seattle, WA  98104**
  **Telephone:  (206) 972-0151**
4

5   **RICHARD A. SMITH, WSBA 15127**
  **SMITH LAW FIRM**
6   314 No. Second Street
7   Yakima, WA  98901
  Telephone:  509-457-5108
8

9   **Attorneys for Defendant**
  Donovan Cloud
10

11

12        **IN THE UNITED STATES DISTRICT COURT**
      **FOR THE EASTERN DISTRICT OF WASHINGTON**
13          **(Honorable Salvador Mendoza, Jr.)**

14

15   UNITED STATES OF AMERICA,   )
               Plaintiff,   )   NO.  1:19-CR-02032-SMJ-2
16      vs.                  )
                    )
17   DONOVAN CLOUD,        )   MOTION TO CONTINUE
                    )   EVIDENTIARY PRETRIAL
18            Defendant.   )   HEARINGS SCHEDULED FOR
                    )   SEPTEMBER 29 -30, 2020
19                     )
20                     )
21                     )   DATE:      September 29, 2020
                    )   TIME:      9:00 a.m.
22                     )
23   _____

24

25   **TO:   Clerk of U.S. District Court, Eastern District of Washington**
  **TO:   Thomas J. Hanlon, Assistant United States Attorney**
26

Defense (Donovan Cloud) Motion to Continue
Evidentiary Hearing

Currently, an in-person pre-trial evidentiary hearing and status conference are set for September 29 & 30, 2020, at 9:00 a.m. in Yakima Courtroom 203. ECF No. 182. On September 3, 2020, this Court issued an *Order Confirming In-Person Hearings and Notice RE: COVID-19 Precautions*, which included a directive to the parties to "notify the Court how much time they expect the hearing to take, a proposed sequence for the hearings, and anything else counsel wishes to make the Court aware of concerning these hearings, by September 11, 2020." ECF No. 187 at 2, ¶3.

This motion is in response to the Court's directive.

## I.    MOTION

**COMES NOW** DONOVAN CLOUD, by and though his attorneys of record, Richard A. Smith and Mark A. Larrañaga moves this Court to continue the evidentiary pre-trial hearing scheduled for September 29 – 30, 2020, until the ongoing public health crisis comes to an end. In a separate pleading, Defendant Donovan Cloud has filed a *Motion to Join Co-Defendant James Cloud's Motion in Limine Re: Lindell LaFollette's False Memory [ECF No. 185]*.

The defense does request the scheduled status conference be held as scheduled on September 29 or 30, 2020, and for the parties to participate/attend via teleconference regarding the status of superseding indictments so the parties and the

Defense (Donovan Cloud) Motion to Continue
Evidentiary Hearing

Court may be better informed as to the charges and the potential punishments for purposes of case scheduling.[1]

Defense counsel has contacted U.S. Attorney Thomas Hanlon and Richard Burson and they have no objection to the requested continuance.

Defense has been in contact with the attorneys for James Cloud and they have advised counsel they will be filing a separate response to the Court's Order ECF 187.

## II.    BASIS FOR MOTION

Initially, a pre-trial hearing as well as a status conference were scheduled for June 23, 2020.  At that time, Yakima County reported the total COVID-19 related case count was approximately 6,476. KIMA, *Yakima County reports 117 new COVID-related cases on Sunday*, July 21, 2020. As such, the parties submitted a Joint Emergency Motion to Continue Hearing and Status Conference, which this Court granted and rescheduled the matters to September 29-30, 2020. *See* ECF 182, 7/1/2020 Text Order.

---

[1]    For example, it is unclear whether the Government is seeking indictments that may include capitally-eligible charges.  This, of course, significantly impacts the complexion of the case, funding and scheduling. *See e.g.*, American Bar Association, *Toward A More Just And Effective System of Review in State Death Penalty Cases*, at 43, 49, 50 (Oct. 1989) ("[D]eath penalty litigation is extraordinarily complex, both for the courts and for the attorneys involved. Not only do the cases incorporate the evidentiary and procedural issues that are associated with virtually every noncapital case, but they also involve a host of issues that are unique to capital cases.")

Defense (Donovan Cloud) Motion to Continue
Evidentiary Hearing

The concern surrounding COVID-19 has not subsided over the last three months. Instead, since the hearings were continued the number of COVID-19 related cases has nearly doubled. As of September 9, 2020, the number of cases has increased to 11,867. See Yakima Health District,

https://www.yakimacounty.us/2404/Data-Summary    (last    visited    9/10/2020). Moreover, on June 18, 2020, the Yakima County Jail, where Donovan Cloud is housed, reported 19 inmates tested positive for the virus, which peaked over the following months to 130 inmates (31% of the inmate population) and 34 correction officers, and although may have recently declined still remains a concern. Yakima Herald, *Yakima County jail officials say COVID-19 outbreak under control at facility*, (updated September 9, 2020)

https://www.yakimaherald.com/special_projects/coronavirus/yakima-county-jail-officials-say-covid-19-outbreak-under-control-at-facility/article_2e56bf51-8b19-581a-aae8-7c3659e019b4.html (last visited 9/10/2020).

Also on June 23, 2020, the date initially scheduled to hear these matters, the Eastern District of Washington issued General Order No. 20-101-7 as a measure to slow the spread of the virus and ensure the safety of litigants, counsel, Court staff, grand jurors, petit jurors, witnesses, and the public.  That COVID-19 response measure has been extended, most recently on August 21, 2020. *See* General Order No. 20-102-9.  Indeed, this Court, in order to protect the health and safety of

Defense (Donovan Cloud) Motion to Continue
Evidentiary Hearing

defendants, counsel, law enforcement Court staff, and the public, has struck many in-person appearances. *See* ECF 187. And more recently, this Court, in light of the ongoing public health crisis caused by COVID-19, struck in-person hearings that were scheduled for September 22 and 24, 2020 – just a few days before the hearings scheduled in this matter. *See e.g.*, Case No. 1:19-cr-02058-SMJ, ECF 157 (9/3/2020) and Case No. 4:19-cr-06069-SMJ, ECF 200 (9/8/2020). For the same reasons, counsel on behalf of Donovan Cloud move this Court to continue the in-person evidentiary hearings scheduled for September 29-30, 2020, until the ongoing public health crisis comes to an end.

The defense respectfully objects to conducting the evidentiary hearings by way of teleconference. The Sixth Amendment provides the accused in a criminal prosecution with "the right ... to be confronted with the witnesses against him." U.S. Const., 6th Amend. The Supreme Court has described the Confrontation Clause as a "bedrock procedural guarantee." *Crawford v. Washington*, 541 U.S. 36, 42 (2004). It "provides two types of protections for a criminal defendant: [T]he right physically to face those who testify against him [or her], and the right to conduct cross-examination." *Coy v. Iowa*, 487 U.S. 1012, 1017 (1988). The first type of protection "guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." *Coy v. Iowa*, 487 U.S. at 1016. The literal face-to-face right to confront witnesses forms the core of the values furthered by the Confrontation Clause. *Cal. v.*

Defense (Donovan Cloud) Motion to Continue
Evidentiary Hearing

*Green*, 399 U.S. 149, 157 (1970). Moreover, the Supreme Court has acknowledged "the strong symbolic purpose" of this requirement. *Maryland v. Craig*, 497 U.S. 836, 847 (1990). This is because "there is something deep in human nature that regards face-to-face confrontation be- tween accused and accuser as essential to a fair trial in a criminal prosecution." *Coy*, at 1017 (quotations omitted). As the Supreme Court has described:

> A witness may feel quite differently when he has to repeat his story looking at the man whom he will harm greatly by distorting or mistaking the facts. He can now understand what sort of human being that man is. It is always more difficult to tell a lie about a person "to his face" than "behind his back." In the former context, even if the lie is told, it will often be told less convincingly. The Confrontation Clause does not, of course, compel the witness to fix his eyes upon the defendant; he may studiously look elsewhere, but the trier of fact will draw its own conclusions. Thus the right to face-to-face confrontation serves much the same purpose as a less explicit component of the Confrontation Clause that we have had more frequent occasion to discuss – the right to cross-examine the accuser; both ensur[e] the integrity of the factfinding process.

*Coy*, at 1019-20, (1988). *See also, Maryland v. Craig*, 497 U.S. at 846 ("Face-to-face confrontation enhances the accuracy of factfinding by reducing the risk that a witness will wrongfully implicate an innocent person").

The Supreme Court has held that a defendant must be present at any critical stage of the prosecution. *Hopt v. Utah*, 110 U.S. 574, 579, 4 S.Ct. 202, 28 L.Ed. 262 (1884). The defendant's right to be present at a critical stage is rooted to a large extent in the confrontation clause. *United States v. Gagnon*, 470 U.S. 522, 105 S.Ct. 1482,

84 L.Ed.2d 486 (1985). The Supreme Court has not directly addressed whether a pretrial motion to suppress constitutes a "critical stage" of the proceedings. *See e.g.*, *Gomez v. Thaler*, 526 Fed. Appx. 355, 359 and n.3 (5th Cir.) (unpublished), *see also*, Christine Holst, *The Confrontation Clause and Pretrial Hearings: A Due Process Solution*, 2010 U.Ill. L. Rev. 1599 (2010) ("the Supreme Court has not directly addressed whether the Confrontation Clause applies to pretrial hearings[.]").

Although courts are split, some circuit courts to address the question have concluded that a suppression motion is, indeed, a "critical stage." *See, e.g., United States ex rel. Thomas v. O'Leary*, 856 F.2d 1011, 1016-17 (7th Cir. 1988) (determining that counsel's failure to file a responsive brief in the State's appeal from the grant of a pretrial motion to suppress constituted absence of counsel during a "critical stage"); *Henderson v. Frank*, 155 F.3d 159, 163, 166 (3d Cir. 1998) (stating that a suppression hearing is a "critical stage"); *United States v. Hamilton*, 391 F.3d 1066, 1070 (9th Cir. 2004) (deciding on direct appeal that a pretrial motion to suppress evidence constitutes a "critical stage" of the proceeding); *United States v. Hodge*, 19 F.3d 51, 53, 305 U.S. App. D.C. 204 (D.C. Cir. 1994) (stating that "a suppression hearing is a 'critical stage of the prosecution' affecting substantial rights of an accused"); *United States v. Green*, 670 F.2d 1148, 1154 (D.C. 1981) (same).

The motion to suppress is a "critical stage" because it will determine whether damning evidence may be admitted into evidence at trial, and because it involves credibility determinations and the resolution of significant factual disputes. *See e.g., Goldberg v. Kelly*, 397 U.S. 254, 269, 90 S.Ct. 10111, 1021 (1970) (In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.)

Moreover, permitting any witness to appear by video feed or remote presentation presents a plethora of problems that can all be avoided by requiring witnesses to appear in-person. For example, video conferencing does not ensure: that Mr. Cloud and his counsel will be able to see the witness simultaneously; that Mr. Cloud and his counsel will be able to observe what the witness is viewing or looking at while testifying; that if an exhibit is displayed to the witness during direct or cross-examination that the exhibit will not block the witness's face from view of Mr. Cloud and his counsel[2]; that if an image or exhibit is displayed to a witness that the testifying witness will be able to clearly see the exhibit; that the Court, as the finder of fact, will be able to view at all times witness's testimony simultaneously with any exhibit that may be displayed to the witness during examination; and, that the video feed will

---

[2]    *See Coy v. Iowa*, 487 U.S. 1012 (1988), where the Supreme Court held that the Confrontation Clause was violated where a large screen was placed between the testifying witness and the defendant.

Defense (Donovan Cloud) Motion to Continue
Evidentiary Hearing

have uninterrupted connectivity. Face-to-face confrontation ensures the reliability of the evidence by allowing the trier of fact to observe the demeanor, nervousness, expressions, and other body language of the witness. In-court testimony also impresses upon the witness the seriousness of the matter and ensures that statements are given under oath. Personal appearance also helps assure the identity of the witness, that the witness is not being coached or influenced during testimony, and that the witness is not improperly referring to documents.

Finally, and perhaps for the reasons stated above, the Eastern District Court's General Order 20-101-3, which has been recently extended by General Order 20-101-9, does not list pretrial evidentiary hearings as the types of hearings to be conducted by teleconference. *See* General Order 20-101-3 at 2, ¶1 (a) – (j).

### III.    CONCLUSION

For the reasons expressed above, and in response this Court's order (ECF 187, counsel for Donovan Cloud respectfully move this Court to continue the evidentiary pre-trial hearing scheduled for September 29 – 30, 2020, until the ongoing public health crisis comes to an end. The defense does, however, request the status hearing be held as scheduled and the Court allow the parties to participate/attend *via* teleconference.

/ / /

/ / /

Defense (Donovan Cloud) Motion to Continue
Evidentiary Hearing

DATED this 10th day of September, 2020.

Presented by:

/s/ Richard A. Smith
RICHARD A. SMITH, WSBA 15127

/s/ Mark A. Larrañaga
MARK A. LARRAÑAGA, WSBA 2275

Attorneys for Defendant Donovan Cloud

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury of the laws of the State of Washington that on September 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties.

/s/ Lugene M. Borba

LUGENE M. BORBA
Legal Assistant, Smith Law Firm

Defense (Donovan Cloud) Motion to Continue
Evidentiary Hearing