7-1 LIMS (Rev. 10-2-17)

UNCLASSIFIED



# FBI Laboratory

2501 Investigation Parkway
Quantico, Virginia 22135

4940 Fowler Road
Huntsville, Alabama 35898

## LABORATORY REPORT

To:   JENNIFER TERAMI
      SPECIAL AGENT
      Seattle

Date: July 30, 2019

Case ID No.: SE-3120298

Lab No.: 2019-01736-3

Communication(s):    July 9, 2019

Agency Reference(s):

Subject(s):    James Dean Cloud

Victim(s):    J███████C███

Discipline(s):    DNA

FBI Laboratory Evidence Designator(s):

| | |
|---|---|
| Item 2 | Buccal sample from Donovan Quinn Carter Cloud (1B184, E5283922) |
| Item 4 | Swab from steering wheel of 2007 Chevrolet Silverado (1B39, E5283696) |
| Item 5 | Swab from exterior driver side door handle of 2007 Chevrolet Silverado (1B40, E5283697) |
| Item 6 | Swab from gear shift of 2007 Chevrolet Silverado (1B41, E5283698) |
| Item 7 | Swab from interior driver side door pull of 2007 Chevrolet Silverado (1B42, E5283699) |
| Item 9 | Key fob with keychain from ground near driver side door of 2007 Chevrolet Silverado (1B162, E5283819; YSO Item 007) |
| Item 12 | Knife from floor in Area C of 2007 Chevrolet Silverado (1B43, E5283700) |

The items listed above were subjected to nuclear deoxyribonucleic acid (DNA) typing using short tandem repeats (STRs).[1] Probabilistic genotyping was performed using the STRmix™ software.

## RESULTS OF NUCLEAR DNA EXAMINATIONS:

### Item 4 (Swab from steering wheel)

Male DNA[2] was obtained from item 4. Item 4 was interpreted as originating from two individuals.

Page 1 of 4

- Lab Report-Released-(M04u),|aud U.S. Cloud et al 1:19-CR-02032-SMJ

GOVERNMENT EXHIBIT - 9

0007630

UNCLASSIFIED

The DNA results from item 4 are 15 times more likely if two unknown, unrelated people are contributors than if D. CLOUD and an unknown, unrelated person are contributors.

| Person of Interest (POI) | 1/Likelihood Ratio (1/LR)[3] | Level of Support[4] |
|---|---|---|
| D. CLOUD | 15 | Limited Support for **Exclusion** |

### Item 5 (Swab from exterior driver side door handle)

No DNA or sex typing results[5] were obtained from item 5; therefore, no comparisons can be made.

### Item 6 (Swab from gear shift)

Male DNA[2] was obtained from item 6.  Item 6 was interpreted as originating from two individuals.

The DNA results from item 6 are 2 times more likely if two unknown, unrelated people are contributors than if D. CLOUD and an unknown, unrelated person are contributors.

| Person of Interest (POI) | 1/Likelihood Ratio (1/LR)[3] | Level of Support[4] |
|---|---|---|
| D. CLOUD | 2 | Limited Support for **Exclusion** |

### Item 7 (Swab from interior driver side door pull)

Male DNA[2] was obtained from item 7.  Item 7 was interpreted as originating from two individuals.

The DNA results from item 7 are 2 times more likely if two unknown, unrelated people are contributors than if D. CLOUD and an unknown, unrelated person are contributors.

| Person of Interest (POI) | 1/Likelihood Ratio (1/LR)[3] | Level of Support[4] |
|---|---|---|
| D. CLOUD | 2 | Limited Support for **Exclusion** |

### Item 9 (Key fob with keychain)

Male DNA[2] was obtained from item 9.  Item 9 was interpreted as originating from two individuals.

D. CLOUD is excluded as a potential contributor to item 9.[6]

UNCLASSIFIED

**Item 12 (Swabbing of handle of knife)**

Male DNA[2] was obtained from item 12. Item 12 was interpreted as originating from two individuals.

The DNA results from item 12 are 42 times more likely if two unknown, unrelated people are contributors than if D. CLOUD and an unknown, unrelated person are contributors.

| Person of Interest (POI) | 1/Likelihood Ratio (1/LR)[3] | Level of Support[4] |
|---|---|---|
| D. CLOUD | 42 | Limited Support for **Exclusion** |

**Database Entry Information:**

The DNA results obtained from the tested items are not eligible for entry into the Combined DNA Index System (CODIS) until comparisons to the elimination samples is conducted.

No other nuclear DNA examinations were conducted.

**Methods/Limitations:**

The following methods and limitations apply to the results/conclusions provided in the results section(s) of this report and are referenced by number in the body of the text for clarity.

[1] DNA typing using the polymerase chain reaction (PCR) was performed with the GlobalFiler™ PCR Amplification Kit.

[2] The presence of male DNA in a mixture may limit the ability to determine if female DNA is also present in that mixture.

[3] The likelihood ratio is a statistical approach that compares the probabilities of observing the DNA results under two alternative propositions. Calculations were performed using the African American, Caucasian, Southeastern Hispanic, Southwestern Hispanic, Apache, Minnesota Native American, and Navajo populations. The lowest calculated likelihood ratio is reported.

[4] These likelihood ratio ranges provide the following support for the conclusion:

| Likelihood Ratios: | Qualitative Equivalent: |
|---|---|
| ≤1/100 | **Exclusion** |
| >1/100 to 1/2 | Limited Support for **Exclusion** |
| 1 | Uninformative |
| 2 to <100 | Limited Support for **Inclusion** |
| 100 to <10,000 | Moderate Support for **Inclusion** |
| 10,000 to <1,000,000 | Strong Support for **Inclusion** |
| ≥1,000,000 | Very Strong Support for **Inclusion** |

Page 3 of 4

2019-01736-3

UNCLASSIFIED

[5] Insufficient DNA quality and/or quantity can affect the ability to generate a DNA typing result and is not an absolute determination that an individual did not come into contact with an item of evidence.

[6] A person of interest is excluded either visually or when the likelihood ratio is less than or equal to 1/100. An exclusion means that the person of interest was not detected in the DNA results.

**REMARKS:**

Items 4, 5, 6 and 7 were consumed during the DNA Casework Unit examinations.

The work described in this report was conducted at the Quantico Laboratory, and the results will be maintained by the FBI Laboratory for possible future comparisons. This report contains the opinions and interpretations of the issuing examiner and is supported by records retained in the FBI file. These conclusions conform to the Department of Justice Uniform Language for Testimony and Reports for Forensic Autosomal DNA Examinations Using Probabilistic Genotyping Systems. For questions about the content of this report, please contact Forensic Examiner Charity N. Davis at (703) 632-8498. For questions about the status of your submission, including any remaining forensic examinations, please contact Heather Busch at (703) 632-8221.

The submitted items will be returned to you under separate cover. In addition to the evidence in the case, secondary evidence was generated that will also be returned to you. The secondary evidence can be found in a package marked DNA Secondary Evidence.

Please allow a minimum of thirty days from the date of a discovery request for the FBI Laboratory to provide the related materials. The FBI cannot ensure timely delivery of discovery requests received in less time.

Charity N. Davis
DNA Casework Unit

Page 4 of 4

2019-01736-3

7-1 LIMS (Rev. 10-2-17)

UNCLASSIFIED

 **FBI Laboratory**

2501 Investigation Parkway
Quantico, Virginia 22135

4940 Fowler Road
Huntsville, Alabama 35898

## LABORATORY REPORT

To:  JENNIFER TERAMI
     SPECIAL AGENT
     Seattle

Date: August 20, 2019

Case ID No.: SE-3120298

Lab No.: 2019-01736-8

Communication(s):  July 17, 2019

Agency Reference(s):

Subject(s):  James Dean Cloud

Victim(s):  J⬛⬛⬛⬛C⬛⬛

Discipline(s):  DNA

FBI Laboratory Evidence Designator(s):

| | |
|---|---|
| Item 13 | Two swabs from key fob and key of 2004 Honda Civic (1B215, E5283974) |
| Item 14 | Buccal sample from J⬛ V⬛⬛⬛ (1B188, E5283926) |
| Item 15 | Buccal sample from N⬛⬛ V⬛⬛ (1B189, E5283927) |
| Item 16 | Buccal sample from J⬛⬛⬛⬛C⬛⬛ (1B216, E5283975) |
| Item 17 | Buccal sample from M⬛⬛⬛⬛J⬛⬛ (1B219, E5283978) |

The items listed above were subjected to nuclear deoxyribonucleic acid (DNA) typing using short tandem repeats (STRs).[1] Probabilistic genotyping was performed using the STRmix™ software. This report amends the FBI Laboratory Report 2019-01736-3 dated July 30, 2019.

## RESULTS OF NUCLEAR DNA EXAMINATIONS:

As applicable, the DNA typing results from the above listed items were compared to the DNA typing results previously reported under FBI Laboratory Number 2019-01736-3 on July 30, 2019. Per the incoming communication dated July 9, 2019 from Special Agent Jennifer Terami, J. V⬛⬛⬛ and N. V⬛⬛⬛ were provided as elimination samples for comparison to the previously reported items 4, 6, 7 and 9. Therefore, items 4, 6, 7 and 9 were reinterpreted using the elimination samples, and those conclusions and statistics are being amended.

Page 1 of 5

GOVERNMENT EXHIBIT - 9

U.S. v. Cloud et al 1:19-CR-02032-SMJ

000004122

- Lab Report-Released-(75546).pdf

UNCLASSIFIED

### Item 4 (Swab from steering wheel)

Male DNA[2] was obtained from item 4.  Item 4 was interpreted as originating from two individuals, one of whom is J. V⬛⬛⬛⬛.

The DNA results from item 4 are 2 times more likely if J. V⬛⬛⬛⬛ and an unknown, unrelated person are contributors than if J. V⬛⬛⬛ and D. CLOUD are contributors.

| Person of Interest (POI) | Assumed Contributor | 1/Likelihood Ratio (1/LR)[3] | Level of Support[4] |
|---|---|---|---|
| D. CLOUD | J. V⬛⬛⬛ | 2 | Limited Support for **Exclusion** |

It is noted that N. V⬛⬛⬛ cannot be excluded as a potential contributor. No statistic is being provided for N. V⬛⬛⬛ because she was submitted as an elimination sample.

The DNA results from item 4 are equally likely if J. V⬛⬛⬛ and J. CLOUD are contributors than if J. V⬛⬛⬛ and an unknown, unrelated person are contributors.[5]

M. J⬛⬛⬛ is excluded as a potential contributor to item 4.[6]

### Item 6 (Swab from gear shift)

Male DNA is present in item 6.  No DNA typing results unlike J. V⬛⬛⬛ were obtained from item 6.  Therefore, no comparisons were made to D. CLOUD, N. V⬛⬛⬛, J. CLOUD and M. J⬛⬛⬛.

### Item 7 (Swab from interior driver side door pull)

Male DNA[2] was obtained from item 7.  Item 7 was interpreted as originating from two individuals, one of whom is J. V⬛⬛⬛.

The DNA results from item 7 are 2 times more likely if J. VERWEY and J. CLOUD are contributors than if J. VERWEY and an unknown, unrelated person are contributors.

| Person of Interest (POI) | Assumed Contributor | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|---|
| J. CLOUD | J. V⬛⬛⬛ | 2 | Limited Support for **Inclusion** |

The DNA results from item 7 are equally likely if J. V⬛⬛⬛ and D. CLOUD are contributors than if J. V⬛⬛⬛ and an unknown, unrelated person are contributors.[5]

M. J⬛⬛⬛ and N. V⬛⬛⬛ are excluded as a potential contributors to item 7.[6]

Page 2 of 5

2019-01736-8

UNCLASSIFIED

### Item 9 (Key fob with keychain)

Male DNA[2] was obtained from item 9.  Item 9 was interpreted as originating from two individuals, one of whom is J. V██████.

The DNA results from item 9 are 95 times more likely if J. ██████ and an unknown, unrelated person are contributors than if J. V██████ and J. CLOUD are contributors.

| Person of Interest (POI) | Assumed Contributor | 1/Likelihood Ratio (1/LR)[3] | Level of Support[4] |
|---|---|---|---|
| J. CLOUD | J. V██████ | 95 | Limited Support for **Exclusion** |

It is noted that N. V██████ cannot be excluded as a potential contributor. No statistic is being provided for N. V██████ because she was submitted as an elimination sample.

The following individuals are excluded as potential contributors to item 9:[6]
- D. CLOUD
- M. J██████

### Item 12 (Swabbing of handle of knife)

Male DNA[2] was obtained from item 12.  Item 12 was interpreted as originating from two individuals.

The DNA results from item 12 are **[1/LR]** times more likely if two unknown, unrelated people are contributors than if **[POI]** and an unknown, unrelated person are contributors.

| Person of Interest (POI) | 1/Likelihood Ratio (1/LR)[3] | Level of Support[4] |
|---|---|---|
| J. CLOUD | 29 | Limited Support for **Exclusion** |
| M. J██████ | 54 | Limited Support for **Exclusion** |

### Item 13 (Swabs from key fob and key)

Male and female DNA was obtained from item 13.  Item 13 was interpreted as originating from three individuals.

The following individuals are excluded as potential contributors to item 13:[6]
- D. CLOUD
- J. CLOUD
- M. J██████

### Database Entry Information:

Page 3 of 5

2019-01736-8

UNCLASSIFIED

The DNA results obtained from the tested items are not eligible for entry into the Combined DNA Index System (CODIS).

No other nuclear DNA examinations were conducted.

**Methods/Limitations:**

The following methods and limitations apply to the results/conclusions provided in the results section(s) of this report and are referenced by number in the body of the text for clarity.

[1] DNA typing using the polymerase chain reaction (PCR) was performed with the GlobalFiler™ PCR Amplification Kit.

[2] The presence of male DNA in a mixture may limit the ability to determine if female DNA is also present in that mixture.

[3] The likelihood ratio is a statistical approach that compares the probabilities of observing the DNA results under two alternative propositions. Calculations were performed using the African American, Caucasian, Southeastern Hispanic, Southwestern Hispanic, Apache, Minnesota Native American, and Navajo populations. The lowest calculated likelihood ratio is reported.

[4] These likelihood ratio ranges provide the following support for the conclusion:

| Likelihood Ratios: | Qualitative Equivalent: |
|---|---|
| ≤1/100 | **Exclusion** |
| >1/100 to 1/2 | Limited Support for **Exclusion** |
| 1 | Uninformative |
| 2 to <100 | Limited Support for **Inclusion** |
| 100 to <10,000 | Moderate Support for **Inclusion** |
| 10,000 to <1,000,000 | Strong Support for **Inclusion** |
| ≥1,000,000 | Very Strong Support for **Inclusion** |

[5] This conclusion is drawn when the likelihood ratio is equal to 1; this comparison is uninformative.

[6] A person of interest is excluded either visually or when the likelihood ratio is less than or equal to 1/100. An exclusion means that the person of interest was not detected in the DNA results.

**REMARKS:**

Item 13 was consumed during the DNA Casework Unit examinations.

The work described in this report was conducted at the Quantico Laboratory, and the results will be maintained by the FBI Laboratory for possible future comparisons. This report contains the opinions and interpretations of the issuing examiner and is supported by records retained in the FBI file. These conclusions conform to the Department of Justice Uniform

Page 4 of 5

2019-01736-8

GOVERNMENT EXHIBIT - 9
U.S. v. Cloud et al 1:19-CR-02032-SMJ                    000004125

- Lab Report-Released-(75546).pdf

UNCLASSIFIED

Language for Testimony and Reports for Forensic Autosomal DNA Examinations Using Probabilistic Genotyping Systems. For questions about the content of this report, please contact Forensic Examiner Charity N. Davis at (703) 632-8498. For questions about the status of your submission, including any remaining forensic examinations, please contact Heather Busch at (703) 632-8221.

The submitted items will be returned to you under separate cover. In addition to the evidence in the case, secondary evidence was generated that will also be returned to you. The secondary evidence can be found in a package marked DNA Secondary Evidence.

Please allow a minimum of thirty days from the date of a discovery request for the FBI Laboratory to provide the related materials. The FBI cannot ensure timely delivery of discovery requests received in less time.

Charity N. Davis
DNA Casework Unit

Page 5 of 5

2019-01736-8

UNCLASSIFIED

7-1 LIMS (Rev. 10-2-17)

UNCLASSIFIED



## FBI Laboratory

2501 Investigation Parkway
Quantico, Virginia 22135

4940 Fowler Road
Huntsville, Alabama 35898

### LABORATORY REPORT

To:   JENNIFER TERAMI
SPECIAL AGENT
Seattle

Date: October 9, 2019

Case ID No.: SE-3120298

Lab No.: 2019-01736-14

Communication(s):   August 5, 2019

Agency Reference(s):

Subject(s):   James Dean Cloud

Victim(s):   J█████ C███

Discipline(s):   DNA

FBI Laboratory Evidence Designator(s):

| | |
|---|---|
| Item 29 | Swab from door panel of 2008 Chevrolet Silverado (1B49, E5283706) |
| Item 30 | Swab from door panel of 2008 Chevrolet Silverado (1B56, E5283713) |
| Item 31 | Swab from back of seat of 2008 Chevrolet Silverado (1B60, E5283717) |
| Item 33 | Jacket from seat of 2008 Chevrolet Silverado (1B61, E5283718) |
| Item 34 | Pants from seat of 2008 Chevrolet Silverado (1B61, E5283718) |
| Item 36 | Swab from steering wheel and gear shift of 2008 Chevrolet Silverado (1B72, E5283729) |
| Item 39 | Purse from seat of Chevrolet S10 Blazer (1B87, E5283744) |
| Item 45 | Two swabs from path to game room at 5151 Medicine Valley Road (1B144, E5283801) |
| Item 46 | Cigarette butt from top of pool table in game room at 5151 Medicine Valley Road (1B148, E5283805; YSO Item 042) |
| Item 47 | Cigarette butt from top of pool table in game room at 5151 Medicine Valley Road (1B149, E5283806; YSO Item 043) |
| Item 48 | Two swabs from couch in game room at 5151 Medicine Valley Road (1B150, E5283807; YSO Item 044) |
| Item 49 | Two swabs from door in parking area at 5151 Medicine Valley Road (1B153, E5283810; YSO Item 047) |

Page 1 of 12

UNCLASSIFIED

UNCLASSIFIED

| Item 50 | Dried blood sample from J████ C███ (1B177, E5283837) |
| Item 51 | Dried blood sample from T████████ H██████ (1B178, E5283838) |
| Item 52 | Dried blood sample from C██████ E███ (1B179, E5283839) |
| Item 53 | Dried blood sample from M██████ S████es (1B180, E5283840) |
| Item 54 | Dried blood sample from D█ C██████ (1B181, E5283841) |
| Item 64 | Ruger rifle, Serial Number 25985399, from canal (1B11, E5283668) |

The items listed above were subjected to serological testing and/or nuclear deoxyribonucleic acid (DNA) typing using short tandem repeats (STRs).[1] Probabilistic genotyping was performed using the STRmix™ software.

**RESULTS OF SEROLOGICAL AND NUCLEAR DNA EXAMINATIONS:**

The DNA typing results from C████, H██████, E███, S████ and O████████ were compared to the DNA typing results from items 4, 7, 9 and 12 [previously reported under FBI Laboratory Number 2019-01736-3 in the report dated July 30, 2019] and item 13 [previously reported under FBI Laboratory Number 2019-01736-8 in the report dated August 20, 2019]. The DNA typing results from items 29, 30, 31, 33(1), 33(2), 33(3), 33(4), 33(5), 33(6), 34(1), 34(2), 34(3), 36, 45, 46, 47, 48 and 49 were compared to the DNA typing results from D. CLOUD [previously reported under FBI Laboratory Number 2019-01736-3 in the report dated July 30, 2019] and J. CLOUD and M. J██████ [previously reported under FBI Laboratory Number 2019-01736-8 in the report dated August 20, 2019].

Per incoming communication dated July 9, 2019 from Special Agent Jennifer Terami, J. V████ and N. V████████ [previously reported under FBI Laboratory Number 2019-01736-8 in the report dated August 20, 2019] were provided as elimination samples for comparison to items 4, 7 and 9.

**Item 4 (Swab from steering wheel)**

Male DNA[2] was obtained from item 4. Item 4 was interpreted as originating from two individuals, one of whom is J. V████.

The DNA results from item 4 are **[1/LR]** times more likely if J. V████ and an unknown, unrelated person are contributors than if J. V████ and **[POI]** are contributors.

| Person of Interest (POI) | Assumed Contributor | 1/Likelihood Ratio (1/LR)[3] | Level of Support[4] |
|---|---|---|---|
| C████ | J. V████ | 4 | Limited Support for **Exclusion** |
| H██████ | J. V████ | 2 | Limited Support for **Exclusion** |

Page 2 of 12

2019-01736-14

UNCLASSIFIED

GOVERNMENT EXHIBIT - 9

- Lab Report-Released-(V6603)00       U.S. v. Cloud et al 1:19-CR-02032-SMJ       0007642       Page 11

UNCLASSIFIED

| S███████ | J. V█████ | 2 | Limited Support for **Exclusion** |

It is noted that N.███████ cannot be excluded as a potential contributor. No statistic is being provided for N.███████ because she was submitted as an elimination sample.

The DNA results from item 4 are equally likely if J. V█████ and E███ are contributors than if J. V█████ and an unknown, unrelated person are contributors.[5]

O███████ is excluded as a potential contributor to item 4.[6]

### Item 7 (Swab from interior driver side door pull)

Male DNA[2] was obtained from item 7. Item 7 was interpreted as originating from two individuals, one of whom is J. V█████.

The DNA results from item 7 are equally likely if either of the following individuals and J. V█████ are contributors than if J. V█████ and an unknown, unrelated person are contributors.[5]
- E█████
- S█████

The following individuals are excluded as potential contributors to item 7:[6]
- N. V█████
- C█████
- H████████
- O████████

### Item 9 (Key fob with keychain)

Male DNA[2] was obtained from item 9. Item 9 was interpreted as originating from two individuals, one of whom is J. V█████.

The DNA results from item 9 are **[LR]** times more likely if J.█████ and **[POI]** are contributors than if J.█████ and an unknown, unrelated person are contributors.

| Person of Interest (POI) | Assumed Contributor | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|---|
| E█████ | J. V█████ | 7 | Limited Support for **Inclusion** |
| S█████ | J. V█████ | 8 | Limited Support for **Inclusion** |

It is noted that N. V█████ cannot be excluded as a potential contributor. No statistic is being provided for N. V█████ because she was submitted as an elimination sample.

Page 3 of 12

2019-01736-14

UNCLASSIFIED

- Lab Report-Redacted (X660c).pdf

UNCLASSIFIED

The DNA results from item 9 are 52 times more likely if J. ███████ and an unknown, unrelated person are contributors than if J. ██████ and HERNANDEZ are contributors.

| Person of Interest (POI) | Assumed Contributor | 1/Likelihood Ratio (1/LR)[3] | Level of Support[4] |
|---|---|---|---|
| H████████ | J. V████ | 52 | Limited Support for **Exclusion** |

The following individuals are excluded as potential contributors to item 9:[6]
- C█████
- O█████████

### Item 12 (Swabbing of handle of knife)

Male DNA[2] was obtained from item 12. Item 12 was interpreted as originating from two individuals.

The DNA results from item 12 are **[1/LR]** times more likely if two unknown, unrelated people are contributors than if **[POI]** and an unknown, unrelated person are contributors.

| Person of Interest (POI) | 1/Likelihood Ratio (1/LR)[3] | Level of Support[4] |
|---|---|---|
| C█████ | 3 | Limited Support for **Exclusion** |
| H████████ | 17 | Limited Support for **Exclusion** |
| O████████ | 6 | Limited Support for **Exclusion** |

The DNA results from item 12 are equally likely if either of the following individuals and an unknown, unrelated person are contributors than if two unknown, unrelated people are contributors.[5]
- E█████
- S██████

### Item 13 (Swabs from key fob and key)

Male and female DNA was obtained from item 13. Item 13 was interpreted as originating from three individuals.

The following individuals are excluded as potential contributors to item 13:[6]
- C█████
- H█████████
- E████
- S███████
- O████████

Page 4 of 12

2019-01736-14

UNCLASSIFIED

- Lab Report-Redacted (0660).pdf

UNCLASSIFIED

**Item 29 (Swab from door panel)**

Blood was indicated on item 29.[7]

Female DNA was obtained from item 29.  Item 29 was interpreted as originating from one individual.

The DNA results from item 29 are 1.1 sextillion times more likely if E████ is a contributor than if an unknown, unrelated person is a contributor.

| Person of Interest (POI) | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|
| E████ | $1.1 \times 10^{21}$ (1.1 sextillion) | Very Strong Support for **Inclusion** |

The following individuals are excluded as potential contributors to item 29:[6]
- D. CLOUD
- J. CLOUD
- M. J█████
- C█████
- H█████
- S█████
- O█████

**Item 30 (Swab from door panel)**

Blood was indicated on item 30.[7]

Female DNA was obtained from item 30.  Item 30 was interpreted as originating from one individual.

The DNA results from item 30 are 1.5 sextillion times more likely if E████ is a contributor than if an unknown, unrelated person is a contributor.

| Person of Interest (POI) | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|
| E████ | $1.5 \times 10^{21}$ (1.5 sextillion) | Very Strong Support for **Inclusion** |

The following individuals are excluded as potential contributors to item 30:[6]
- D. CLOUD
- J. CLOUD
- M. J█████
- C█████
- H█████
- S█████
- O█████

Page 5 of 12

2019-01736-14

UNCLASSIFIED

U.S. v. Cloud et al 1:19-CR-02032-SMJ    0007645

- Lab Report-Released (7060).pdf

UNCLASSIFIED

### Item 31 (Swab from back of seat)

Blood was indicated on item 31.[7]

No conclusion regarding sex typing results can be provided for item 31. Item 31 was interpreted as originating from one individual.

The DNA results from item 31 are 430 million times more likely if ██████ is a contributor than if an unknown, unrelated person is a contributor.

| Person of Interest (POI) | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|
| E██████ | $4.3 \times 10^8$ (430 million) | Very Strong Support for **Inclusion** |

The following individuals are excluded as potential contributors to item 31:[6]
- D. CLOUD
- J. CLOUD
- M. J█████
- C█████
- H█████
- S█████
- O█████

### Item 33 (Jacket)

Blood was identified on item 33.[8]

### *Item 33(1) (Bloodstain from jacket), Item 33(2) (Stain from jacket), Item 33(3) (Stain from jacket), Item 33(4) (Stain from jacket), Item 33(5) (Stain from jacket) and Item 33(6) (Stain from jacket)*

Female DNA was obtained from items 33(1), 33(2), 33(3), 33(4), 33(5) and 33(6). Items 33(1), 33(2), 33(3), 33(4), 33(5) and 33(6) were interpreted as originating from one individual.

The DNA results from items 33(1), 33(2), 33(3), 33(4), 33(5) and 33(6) are 1.1 sextillion times more likely if ENEAS is a contributor than if an unknown, unrelated person is a contributor.

| Person of Interest (POI) | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|
| E██████ | $1.1 \times 10^{21}$ (1.1 sextillion) | Very Strong Support for **Inclusion** |

The following individuals are excluded as potential contributors to items 33(1), 33(2), 33(3), 33(4), 33(5) and 33(6):[6]
- D. CLOUD
- J. CLOUD

Page 6 of 12

2019-01736-14

UNCLASSIFIED

GOVERNMENT EXHIBIT - 9

U.S. v. Cloud et al 1:19-CR-02032-SMJ

0007646

Page 15

- Lab Report-Redacted-(V66302).pdf

UNCLASSIFIED

- M. J
- C
- H
- S
- O

### Item 34 (Pants)

Blood was identified on item 34.[8]

### *Item 34(1) (Bloodstain from pants), Item 34(2) (Stain from pants) and Item 34(3) (Stain from pants)*

Female DNA was obtained from items 34(1), 34(2) and 34(3). Items 34(1), 34(2) and 34(3) were interpreted as originating from one individual.

The DNA results from items 34(1), 34(2) and 34(3) are 1.1 sextillion times more likely if ENEAS is a contributor than if an unknown, unrelated person is a contributor.

| Person of Interest (POI) | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|
| E | $1.1 \times 10^{21}$ (1.1 sextillion) | Very Strong Support for **Inclusion** |

The following individuals are excluded as potential contributors to items 34(1), 34(2) and 34(3):[6]
- D. CLOUD
- J. CLOUD
- M. J
- C
- H
- S
- O

### Item 36 (Swab from steering wheel and gear shift)

Female DNA was obtained from item 36. Item 36 was interpreted as originating from two individuals.

The DNA results from item 36 are 42,000 times more likely if E and an unknown, unrelated person are contributors than if two unknown, unrelated people are contributors.

| Person of Interest (POI) | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|
| E | 42,000 | Strong Support for **Inclusion** |

The following individuals are excluded as potential contributors to item 36:[6]
- D. CLOUD
- J. CLOUD

Page 7 of 12

2019-01736-14

UNCLASSIFIED

U.S. v. Cloud et al 1:19-CR-02032-SMJ    0007647

- Lab Report-Release- (M3606).pdf

UNCLASSIFIED



- M. J███
- C███
- H███
- S███
- O███

**Item 39 (Purse)**

Blood was not detected on item 39.[9]

**Item 45 (Swabs from path to game room) and Item 48 (Swabs from couch in game room)**

Blood was identified on item 45.[8] Blood was indicated on item 48.[10]

Female DNA was obtained from items 45 and 48.  Items 45 and 48 were interpreted as originating from one individual.

The DNA results from items 45 and 48 are 240 sextillion times more likely if S███ is a contributor than if an unknown, unrelated person is a contributor.

| Person of Interest (POI) | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|
| S███ | $2.4 \times 10^{23}$ (240 sextillion) | Very Strong Support for **Inclusion** |

The following individuals are excluded as potential contributors to items 45 and 48:[6]
- D. CLOUD
- J. CLOUD
- M. J███
- C███
- H███
- E███
- O███

**Item 46 (Cigarette butt)**

Male DNA[2] was obtained from item 46.  Item 46 was interpreted as originating from two individuals.

The DNA results from item 46 are **[LR]** times more likely if **[POI]** and an unknown, unrelated person are contributors than if two unknown, unrelated people are contributors.

| Person of Interest (POI) | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|
| D. CLOUD | $2.4 \times 10^{20}$ (240 quintillion) | Very Strong Support for **Inclusion** |
| C███ | $2.3 \times 10^{27}$ (2.3 octillion) | Very Strong Support for **Inclusion** |

Page 8 of 12

2019-01736-14

UNCLASSIFIED

UNCLASSIFIED

The following individuals are excluded as potential contributors to item 46:[6]
- J. CLOUD
- M. J█████████
- H█████████████
- E██████████
- S████████████
- O██████████

**Item 47 (Cigarette butt)**

Male DNA was obtained from item 47. Item 47 was interpreted as originating from one individual.

The DNA results from item 47 are 20 septillion times more likely if J. CLOUD is a contributor than if an unknown, unrelated person is a contributor.

| Person of Interest (POI) | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|
| J. CLOUD | $2.0 \times 10^{25}$ (20 septillion) | Very Strong Support for **Inclusion** |

The following individuals are excluded as potential contributors to item 47:[6]
- D. CLOUD
- M. J█████████
- C██████████
- H████████████
- E██████████
- S████████████
- O██████████

**Item 49 (Swabs from door in parking area)**

Blood was indicated on item 49.[7]

Female DNA was obtained from item 49. Item 49 was interpreted as originating from one individual.

The DNA results from item 49 are 950 quintillion times more likely if E█████ is a contributor than if an unknown, unrelated person is a contributor.

| Person of Interest (POI) | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|
| E██████ | $9.5 \times 10^{20}$ (950 quintillion) | Very Strong Support for **Inclusion** |

The following individuals are excluded as potential contributors to item 49:[6]
- D. CLOUD

Page 9 of 12

2019-01736-14

UNCLASSIFIED

U.S. v. Cloud et al 1:19-CR-02032-SMJ                     0007649
- Lab Report-Redacted-(M660c).pdf                                              Page 18

UNCLASSIFIED



- J. CLOUD
- M. J██████████
- C██████
- H██████████
- S████████
- O████████

### Item 64 (Swabbing of textured areas of Ruger rifle)

No DNA or sex typing results[11] were obtained from item 64; therefore, no comparisons can be made.

**Database Entry Information:**

The DNA results obtained from the tested items are not eligible for entry into the Combined DNA Index System (CODIS).

No other serological or nuclear DNA examinations were conducted.

**Methods/Limitations:**

The following methods and limitations apply to the results/conclusions provided in the results section(s) of this report and are referenced by number in the body of the text for clarity.

[1] DNA typing using the polymerase chain reaction (PCR) was performed with the GlobalFiler™ PCR Amplification Kit.

[2] The presence of male DNA in a mixture may limit the ability to determine if female DNA is also present in that mixture.

[3] The likelihood ratio is a statistical approach that compares the probabilities of observing the DNA results under two alternative propositions. Calculations were performed using the African American, Caucasian, Southeastern Hispanic, Southwestern Hispanic, Apache, Minnesota Native American, and Navajo populations. The lowest calculated likelihood ratio is reported.

[4] These likelihood ratio ranges provide the following support for the conclusion:

| Likelihood Ratios: | Qualitative Equivalent: |
|---|---|
| ≤1/100 | **Exclusion** |
| >1/100 to 1/2 | Limited Support for **Exclusion** |
| 1 | Uninformative |
| 2 to <100 | Limited Support for **Inclusion** |
| 100 to <10,000 | Moderate Support for **Inclusion** |
| 10,000 to <1,000,000 | Strong Support for **Inclusion** |
| ≥1,000,000 | Very Strong Support for **Inclusion** |

Page 10 of 12

2019-01736-14

GOVERNMENT EXHIBIT - 9

- Lab Report-Release-1-(V660)-p10    U.S. v. Cloud et al 1:19-CR-02032-SMJ    0007650

UNCLASSIFIED

[5] This conclusion is drawn when the likelihood ratio is equal to 1; this comparison is uninformative.

[6] A person of interest is excluded either visually or when the likelihood ratio is less than or equal to 1/100. An exclusion means that the person of interest was not detected in the DNA results.

[7] This conclusion is based on a positive presumptive test. Further confirmatory testing was not conducted. This result provides an indication that blood may be present on an item, but does not constitute an identification of blood. Insufficient quality and/or quantity of biological material may affect the ability to detect blood.

[8] This conclusion is based on positive results for both the presumptive and confirmatory tests.

[9] This conclusion is based on a negative presumptive test. Insufficient quality and/or quantity of biological material may affect the ability to detect blood.

[10] This conclusion is based on a positive presumptive test and a negative confirmatory test. These results provide an indication that blood may be present on an item, but do not constitute an identification of blood. Insufficient quality and/or quantity of biological material may affect the ability to detect blood.

[11] Insufficient DNA quality and/or quantity can affect the ability to generate a DNA typing result and is not an absolute determination that an individual did not come into contact with an item of evidence.

**REMARKS:**

Additional evidence is pending serological and/or nuclear DNA examinations and will be the subject of a separate report. Alternative hypotheses were considered during the STRmix™ analysis of item 46. These results are included in the FBI Laboratory file. Items 29, 30, 31, 36, 48 and 49 were consumed during the DNA Casework Unit examinations.

The work described in this report was conducted at the Quantico Laboratory, and the results will be maintained by the FBI Laboratory for possible future comparisons. This report contains the opinions and interpretations of the issuing examiner and is supported by records retained in the FBI Laboratory file. These conclusions conform to the Department of Justice Uniform Language for Testimony and Reports for Forensic Serological Examinations and for Forensic Autosomal DNA Examinations Using Probabilistic Genotyping Systems. For questions about the content of this report, please contact Forensic Examiner Charity N. Davis at (703) 632-8498. For questions about the status of your submission, including any remaining forensic examinations, please contact Heather Busch at (703) 632-8221.

Page 11 of 12

2019-01736-14

GOVERNMENT EXHIBIT - 9

- Lab Report-Released-(Yesenia) U.S. v. Cloud et al 1:19-CR-02032-SMJ

0007651

UNCLASSIFIED

The submitted items will be returned to you under separate cover.  In addition to the evidence in the case, secondary evidence was generated that will also be returned to you.  The secondary evidence can be found in a package marked DNA Secondary Evidence.

Please allow a minimum of thirty days from the date of a discovery request for the FBI Laboratory to provide the related materials.  The FBI cannot ensure timely delivery of discovery requests received in less time.

Charity N. Davis
DNA Casework Unit

Page 12 of 12

2019-01736-14