FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DEAN CLOUD (01) and<br>DONOVAN QUINN CARTER<br>CLOUD (02),<br><br>Defendants. | No.   1:19-cr-02032-SMJ-1<br>        1:19-cr-02032-SMJ-2<br><br>**ORDER MEMORIALIZING ORAL RULINGS AT OCTOBER 27, 2020 STATUS CONFERENCE** |

On October 27, 2020, the Court held a status conference on the above-captioned matter. The Court addressed two main issues: (1) discovery concerns, including late disclosure and redactions, and (2) grand injury proceedings, including potential superseding indictments. It also discussed whether the Government intends to seek the death penalty in this case. This Order memorializes the oral rulings the Court made at the hearing.

**DISCOVERY ISSUES**

Counsel for Defendants informed the Court that on October 15, 2020—a little over two weeks after the Court conducted a two-day hearing on the admissibility of several eyewitnesses' identifications—the Government disclosed discovery on yet

ORDER MEMORIALIZING ORAL RULINGS AT OCTOBER 27, 2020
STATUS CONFERENCE – 1

another eyewitness: "Witness 26." The newly disclosed discovery indicates that FBI agents interviewed Witness 26 on August 29, 2019, nearly 14 months before the Government disclosed it to the defense. The Court found that the Government had wasted time, money, and resources given its late disclosure. The Court thus ordered defense counsel to keep an ongoing tabulation of costs related to Witness 26, including attorney, investigator, expert, and staff hours expended. The Court determined that if it conducts a hearing on the matter, it will impose sanctions requiring the Government to reimburse those costs.

As for redactions, Defendants made an oral motion for reconsideration of the Court's prior Order on redactions. *See generally* ECF No. 157 (denying Defendants' request for unredacted discovery); Tr. (Oct. 27, 2020). Defendants argue withholding witness names hampers defense counsels' ability to effectively represent them, and it also undermines their confidence in a fair trial. The Court determined that it must balance the constitutional right to present a defense against the vital concern of witness safety. The Court granted Defendants' motion for unredacted discovery, with the caveat that defense counsel does not provide, discuss, or otherwise disclose any of the witnesses' identities to Defendants or others who are not members of the defense team, or provide, discuss, or disclose any unredacted personal or contact information of witnesses to Defendants or others who are not members of a defense team. The Court ordered the parties to confer and

provide the Court with an agreed proposed protection order. The Court advised, if the parties cannot agree, to indicate that disagreement, and the Court will resolve any remaining redaction related issues.

## GRAND JURY PROCEEDINGS

At the hearing, the Government also advised that it intends to seek a third superseding indictment. Tr. (Oct. 27, 2020). It emphasized, however, that it does not intend to seek the death penalty at this time. *Id*. The Court discussed the next available grand jury proceedings with the Government. Given the limitations caused by the COVID-19 pandemic, the Court set a tentative deadline for seeking a third superseding indictment, stressing that deadline is contingent on grand jury proceedings actually taking place.

The Court set a new status conference date to follow up on these issues.

**IT IS HEREBY ORDERED**:

1. Defense counsel for Defendants James Cloud (01) and Donovan Cloud (02) **shall** keep an ongoing tabulation of all costs related to Witness 26.

2. Defendants' oral motion for unredacted discovery is **GRANTED**, subject to the limitations provided in the forthcoming protective order.

    A. The parties **shall file** their joint proposed protective order **by no later than November 6, 2020**.

3. The Government **shall** seek a third superseding indictment at the next available grand jury session.

4. The Court will conduct a **status conference** hearing on **November 24, 2020** at **1:30 P.M.** in Yakima courtroom 324.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 2nd day of November 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER MEMORIALIZING ORAL RULINGS AT OCTOBER 27, 2020
STATUS CONFERENCE – 4