Lorinda Meier Youngcourt, WA 50098, IN 14411-49
Federal Defenders of Eastern WA & ID
10 North Post, Suite 700
Spokane, WA 99201
(509) 624-7606
Lorinda_Youngcourt@fd.org

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### (Honorable Salvador Mendoza, Jr.)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) NO. 1:19-CR-02032-SMJ-2 |
| vs. | ) |
| | ) DEFENSE MOTION AND |
| JAMES DEAN CLOUD and | ) MEMORANDUM IN SUPPORT OF |
| DONOVAN CLOUD, | ) DEFENSE PROPOSED |
| Defendant. | ) PROTECTIVE ORDER |
| | ) |
| | ) Note for Hearing |
| | ) November 6, 2020 at 6:30 p.m. |
| | ) Without Oral Argument |
| | ) |
| _____ | ) |

Defendants jointly, by and through counsel, Lorinda Youngcourt, Jeremy Sporn and John McEntire on behalf of James Cloud, and Richard Smith and Mark A. Larrañaga on behalf of Donovan Cloud, respectfully move this Court to adopt the defense proposed protective order.

Defense Memorandum in Support
of Defense Proposed Protective Order

1

During a status conference held on October 27, 2020, both defendants requested the Court reconsider and direct the United States to provide unredacted copies of the discovery. The Court directed the parties to confer and propose a joint-protective order or set out specific provisions that the parties are unable to reach consensus. The parties have conferred and are unable to reach agreement on one primary issue: disclosure of unredacted materials to their clients. The government's proposed protective order prohibits defense counsel (or defense team) from showing their respective clients unredacted materials until two (2) weeks before trial. The defense's proposed protective order allows defense counsel (or defense team) to review unredacted discovery with their respective clients but with significant restrictions and limitations.

The defense believes its proposed protective order reaches a reasonable middle ground allowing the defense to adequately and fully prepare for trial while simultaneously addressing the government's concerns.

The defense jointly submit this memorandum in support of its proposed protective order.

I.     FEDERAL RULE OF CRIMINAL PROCEDURE 16 REQUIRES THE GOVERNMENT TO MAKE A SHOWING OF GOOD CAUSE BEFORE THE COURT CAN ENTER A PROTECTIVE ORDER

Defense Memorandum in Support
of Defense Proposed Protective Order

2

All criminal defendants have a right under Federal Rule of Criminal Procedure 16 to the production of materials the government intends to use in its case-in-chief at trial. While Rule 16(d)(1) allows this Court, *for good cause*, to "deny restrict, or defer discovery or inspection, or grant other appropriate relief," the government has failed to make any showing of good cause in this case. In determining whether there is good cause to deny, restrict, or defer discovery, courts typically take into consideration "the safety of witnesses and others, [and] a particular danger of perjury or witness intimidation." Rule 16 (Advisory Committee's notes (1966 Amendments)). Thus, this Court cannot deny the defendants unrestricted access to the requested materials absent a showing by the government and a finding by this Court of "good cause."

Under Rule 16, the government must make a specific and particularized factual demonstration of need in this case as to the restriction of specific materials, and as to these defendants, and it has not done so.[1] Good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *United States v. Smith,* 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013) (internal citations and quotations omitted). Any finding of harm must be based on "a particular factual demonstration of potential harm, not on conclusory statements." *Id.* & 528-530 (discussing failure of government to show specific harm to privacy interests of third parties). Good cause requires a "particularized, specific showing" rather than "broad

---

[1] If the government has done so *ex parte*, the defense has been denied an opportunity to see and confront the government's showing.

allegations of harm, unsubstantiated by specific examples or articulated reasoning." *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012) (quoting *United States v. Wecht,* 484 F.3d 194, 211 (3rd Cir. 2007)). Importantly, the factual showing is an individual one, and should be made separately as to each defendant. The law requires the government to make a showing of a specific need for a protective order as to these defendants, these charges, and the specified discovery. *See Bulger*, 283 F.R.D. at 53 (while "umbrella protective orders" are "typically made without a particularized showing to support the claim for protection, . . . such a showing must be made whenever a claim under an order is challenged); *see also id.* at 54 (blanket protective orders are by their nature over-inclusive and therefore peculiarly subject to modification (quoting *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 790 (1st Cir. 1988)); *compare, United States v. Shyrock,* 342 F.3d 948, 983 (9th Cir. 2003) (district court entered protective order in large Mexican Mafia RICO case only as to "a miniscule portion of the entire discovery for an eight-month trial," specifically, "1) twenty-five pages; 2) seven pages; 3) ten pages; 4) a copy of the transcript of the proceeding concerning the first wiretap; and 5) early production of certain witness statements").

The burden is on the government to demonstrate "good cause" under Rule 16. It has not done so. Instead, the government claims that "due to safety considerations" based solely on the charges it has "a very real concern regarding the safety of

Defense Memorandum in Support
of Defense Proposed Protective Order

4

potential witnesses."[2]  Unless filed *ex parte* and under seal, the government's assertion fails to provide any evidence which tethers its broad allegation of "safety concerns" to any specific potential witness.  For instance, the government has not set forth any declaration or claim from any potential witness that he or she has, in fact, been threatened or intimidated. Nor has the government presented any facts to suggest either defendant has made threats or in any way attempted to intimidate anyone during the year both have been incarcerated.

 To be clear, the defense is not arguing against a protective order.  Rather, the defense submits that the lack of specific facts for the underlying premise warranting a protective order supports the defense's proposal to allow review with their respective clients unredacted discovery with specific restrictions.

II.     **CONSTITUTIONAL PRINCIPLES**.

The defendants have important constitutional rights that must be upheld. The Sixth Amendment right to be represented by counsel necessarily includes the right of a defendant to "develop all relevant facts" and to a trial that "is not founded on a partial or speculative presentation of the facts." *United States v. Nixon,* 418 U.S. 683, 709 (1974) (discussing the confrontation clause of the Sixth Amendment). The Sixth Amendment and the Fifth Amendment require that criminal defendants be informed of the charges and provided with the evidence against them because "fairness can rarely be obtained by secret, one-sided determination of decisive facts." *United States*

---

[2] ECF No. 131 at 4.

Defense Memorandum in Support
of Defense Proposed Protective Order

5

*v. Abuhamra,* 389 F.3d 309, 322 (2d Cir. 2004) (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath,* 341 U.S. 123, 171 (1951)). Under the Sixth Amendment, "[c]ounsel ha[s] a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). A "strategic" decision can never be reasonable when the attorney has failed to investigate his options and make a reasonable choice among them. *Horton v. Zant*, 941 F.2d 1449, 1462 (11th Cir. 1991). Counsel's failure to seek out and review evidence in the possession of the prosecution relevant to guilt or innocence, or any potential motion, falls below the constitutional standard of an adequate defense. *Kimmelman v. Morrison*, 477 U.S. 365, 387 (1986). The Ninth Circuit has recognized that the right to counsel is meaningless unless counsel is effective and adequately prepared. *United States v. Tucker*, 716 F.2d 576, 579 (9th Cir. 1983).

Effective representation requires due diligence. Due diligence at a minimum in the criminal context requires investigation and preparation. Therefore, counsel has an affirmative duty to interview potential witnesses and "make an independent examination of the facts, circumstances, pleadings and laws involved" to effectively represent their clients. *Von Moltke v. Gillies*, 332 U.S. 708, 721 (1948). The courts have long recognized that counsel's failure to investigate and interview potential witnesses falls below the level of effective representation required by the Sixth Amendment. *See, e.g., Cody v. Montgomery*, 799 F.2d 1481, 1483 (11th Cir. 1986). In *Rompilla v. Beard*, 545 U.S. 374 (2004), the Supreme Court explained:

Defense Memorandum in Support
of Defense Proposed Protective Order

> The notion that defense counsel must obtain information that the State has and will use against the defendant is not simply a matter of common sense … '*It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction.* The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or the accused's stated desire to plead guilty.

*Id.* at 387 (citing 1 ABA Standards for Criminal Justice 4-4.1 (2d ed. 1982 Supp.)) (emphasis supplied).

Importantly, the Supreme Court has recognized that the investigation defense counsel is obliged to undertake requires input from the defendant. Effective defense "counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant, and on information supplied by the defendant." *Strickland*, 466 U.S. at 691.

### III. COURTS MAY TAKE STEPS TO ENSURE WITNESS SAFETY BUT NOT AT THE COST OF A DEFENDANT'S EFFECTIVE PREPARATION OF A DEFENSE.

Protective orders, if entered, cannot violate a defendant's Fifth and Sixth Amendment rights. They may not contain provisions that deprive a defendant of a fair trial or other constitutional rights, including the right to the effective assistance of counsel. *United States v. Moussaoui*, 382 F.3d 453, 466, n.18 (4th Cir. 2004);

Defense Memorandum in Support
of Defense Proposed Protective Order

7

*Eniola v. United States*, 893 F. 2d 383, 386-88 (D.C. Cir. 1990). No federal rule or statute authorizes the entry of an order which prevents defense counsel from obtaining material evidence or conducting investigation designed to secure exculpatory witness statements. A protective order may not interfere with a defendant's constitutional right to prepare his defense. *See United States v. Dumeisi,* 424 F.3d 566, 578 (7th Cir. 2005) (recognizing CIPA's purpose as to "protect[] and restrict [] the discovery of classified information in a way that does not impair the defendant's right to a fair trial") (quoting *United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002)); *United States v. Lindh*, 198 F.Supp. 2d 739, 741-722 (E.D. Va. 2002) (restrictions on classified information must be no broader than necessary to accomplish protective goals and may not unnecessarily burden right to prepare a defense).

The defense submit that its proposed protective order strikes a reasonable balance between the concerns of all parties. It allows the defense to adequately prepare its case by reviewing necessary discovery with their respective clients, while maintaining substantial restrictions and limitations that alleviate the government's concerns. Among other restrictive provisions, the defense proposed protective order restricts defendants' review of the unredacted discovery:

Defense Memorandum in Support
of Defense Proposed Protective Order

8

- to review only in the presence of defense counsel or authorized persons. Defense Proposed Order, Section 2(c);

- prohibits defendants from obtaining, maintaining or taking copies of the unredacted materials. *Id*.;

- uploaded on an approved tablet and any notes taken during review of the discovery, including the unredacted materials on an approved tablet, must be made electronically on the approved tablet. Defense Proposed Protective Order, Section 3 (c); and

- Defendants will not be provided writing instruments or paper while using the approved tablet and is prohibited from making any notes about the unredacted materials except on an approved tablet, which will be retrieved and maintained by the jail. Defense Proposed Protective Order, Section (3) (a) – (d).

On the contrary, the government's proposed protective order not only unreasonably delays counsels' review of the discovery with their respective clients until two weeks of trial, but does not include any of the restrictions set out in the defense's proposed protective order once review is permitted.

For the reasons set out above, the defense respectfully requests the Court to grant the defense's proposed order.

Defense Memorandum in Support
of Defense Proposed Protective Order

9

DATED this 6th day of November, 2020.

Presented by:

Attorneys for Defendant Donovan Cloud:

| | |
|---|---|
| */s/ Richard A. Smith* | */s/ Mark A. Larrañaga* |
| Richard Smith, WSBA 15127 | Mark A. Larrañaga, WSBA 2275 |
| Smith Law Firm | Walsh & Larrañaga |
| 314 North Second Street | 140 Lakeside Ave., Suite A - #338 |
| Yakima, WA 98901 | Seattle, WA 98122 |
| (509) 457-5108 | 206.972.0151 |
| rasmith@house314.com | mark@jamlegal.com |
| smithone@house314.com | |

Attorneys for Defendant James Cloud:
Federal Defenders of Eastern Washington and Idaho

| | |
|---|---|
| */s/Lorinda Meier Youngcourt* | */s/ John B. McEntire IV* |
| Lorinda Meier Youngcourt | John B. McEntire, IV |
| WSBA 50998; IN 14411-49 | WSBA 39469 |
| 10 North Post, Suite 700 | 10 North Post Street, Suite 700 |
| Spokane, WA 99201 | Spokane, Washington 99201 |
| (509) 624-7606 | 509.624.7606 |
| Lorinda_Youngcourt@fd.org | jay_mcentire@fd.org |

*/s/ Jeremy B. Sporn*
Jeremy B. Sporn, NY 4779310
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-9820
(509)248-9118 fax
Jeremy_Sporn@fd.org

Defense Memorandum in Support
of Defense Proposed Protective Order

Defense Memorandum in Support
of Defense Proposed Protective Order