**RICHARD A. SMITH**
**SMITH LAW FIRM**
314 No. Second Street
Yakima, WA  98901
Telephone:  509-457-5108

**MARK A. LARRAÑAGA**
**WALSH & LARRAÑAGA**
140 Lakeside Ave., Suite A-338
Seattle, WA  98122
Telephone:  (206) 972-0151

**STEPHEN R. HORMEL**
**HORMEL LAW OFFICE**
17722 E. Sprague Avenue
Spokane Valley, WA 99016
Telephone:  (509) 590-1474

**Attorneys for Defendant**
Donovan Cloud

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### (Honorable Salvador Mendoza, Jr.)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>DONOVAN CLOUD,<br><br>                    Defendant. | NO.  1:19-CR-02032-SMJ-2<br><br>SECOND MOTION FOR *DAUBERT* HEARING AND TO EXCLUDE TESTIMONY OF FRICTION RIDGE ANALYSIS<br><br>DATE:        January 25, 2022<br>TIME:           9:00 a.m.<br>        Evidentiary Hearing Requested |

SECOND MOTION FOR *DAUBERT* HEARING AND TO
EXCLUDE TESTIMONY OF FRICTION RIDGE ANALYSIS
- Page 1

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108

_____

TO:   **Clerk of U.S. District Court, Eastern District of Washington**
TO:   **Thomas J. Hanlon, Assistant United States Attorney**

## I.   INTRODUCTION

On January 14, 2022, the Government provided Defense Counsel with its Notice of Intent to Use Expert Testimony [ECF 536]. Included in its notice was the identification of Latent Print Analyst Shannon Prince. The Government represented that Ms. Prince will testify at trial, in part, as follows:

> The United States expects to call Shannon Prince ("Prince") as an expert witness.[1] Prince will testify as to her qualifications and background. Prince will testify as to her training and experience as a latent print examiner. Prince will describe/define terms such as "latent prints", "friction ridge skin", "friction ridge impressions", and "known prints". Prince will testify as to the ACE (Analysis, Comparison, and Evaluation) framework for decision-making. Prince will testify that a latent print was observed on Lab Item #8 – rear view mirror. Prince determined that the print was suitable for comparison. The latent print was identified by Prince to the #1 finger (right thumb) recorded on the known cards bearing the name Donovan Cloud.

In its footnote the Government represented "a report prepared by Watts has been attached and marked as Exhibit 2. This would appear to be an error as the FBI Laboratory report includes a signature line for Shannon Prince.

In conjunction with the Government's Notice of January 14, 2022, it disclosed discovery identified by Bates numbers 29839 through Bates number 31184. On

_____

[1] A summary and Curriculum Vitae have been attached and marked as Exhibit 1. A report prepared by Watts has been attached and marked as Exhibit 2. Discovery materials have been provided to counsel.

SECOND MOTION FOR *DAUBERT* HEARING AND TO
EXCLUDE TESTIMONY OF FRICTION RIDGE ANALYSIS
- Page 2

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108

January 20, 2022, the Government provided an additional disclosure of Bates numbers 31188 through Bates number 31238 reportedly related to a false exclusion in casework conducted by Ms. Prince[2].  After review of the approximately 1,795 pages of additional discovery disclosed January 14, 2022, Defense Counsel requested, by letter, additional discovery materials as follows:

> (1)    Underlying data, case notes or report of observations documenting the identification and comparison of friction ridge features regarding the examination conducted by Mr. Prince.

The Government responded to this request:

> All of the materials from the FBI Laboratory were provided in discovery.  My understanding is what you are asking for is a written document where the examiner created notes of her observations documenting the identification and comparison of friction ridge features.  Here, as previously described at the last hearing, pursuant to the current SOP, the examiner documents the features in the photograph of the print.  (See Bates stamp 29406).  If you pull up the photo you will see the red/green marks.

In short, no discovery will be provided upon which Defense Counsel or the Court can determine whether Ms. Prince validly applied the ACE or any other methodology.  This motion is made to exclude Forensic Examiner Shannon Prince's testimony at trial.

## II.    LEGAL ARGUMENT

Before admitting expert testimony into evidence, the District Court must perform a "gatekeeping role" of ensuring that the testimony is both "relevant" and "reliable" under Rule 702.  *Daubert*, 509 U.S. 579, 597, 113 S. Ct. 2786 125, L.Ed.2d

---

[2] Defense Counsel has requested additional discovery regarding the false exclusion including date appropriate FBI protocols and a record of prior testimony.

SECOND MOTION FOR *DAUBERT* HEARING AND TO
EXCLUDE TESTIMONY OF FRICTION RIDGE ANALYSIS
- Page 3

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108

469 (1993).  "Relevancy simply requires that 'the evidence logically advance a material aspect of the party's case'".  *Estate of Barabin v. Asten Johnson, Inc.*, 740 F.3d 457 (9th Cir. 2014) (en banc) (reliability requires that the expert's testimony have a "reliable basis in the knowledge and experience of the relevant discipline"). *Id.* quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  A District Court must assess whether "the reasoning or methodology underlying the testimony is scientifically valid" and "properly can be applied to the facts in issue".  *Daubert*, 509 U.S. at 592-93, "with the goal of ensuring that the expert employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field".  *Kumho Tire Co.*, 526 U.S. at 152.

In *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183 (2019), the Ninth Circuit held the District Court abused its discretion by admitting expert testimony regarding a fingerprint without first finding the testimony relevant and reliable.  The court held the error harmless, however, because the record was sufficient to determine the expert's testimony was relevant and reliable under FRE 702.

In our case the Court has previously found the ACE methodology reliable under *Daubert*.  [ECF 489, at 42.)  The Court did not address whether the ACE methodology was validly applied and Defense Counsel submits that the Court cannot make that determination at this time absent an evidentiary hearing.

**A.**    **Friction Ridge Testimony in this Case Based on ACE Methodology is Inadmissible Because it is Not Based on a Method Determined Valid "As Applied"**.

The PCAST report (identified previously in ECF 347 and admitted as Defense Exhibit 2026 at the hearing November 2, 2021) indicated that in respect to latent print

SECOND MOTION FOR *DAUBERT* HEARING AND TO
EXCLUDE TESTIMONY OF FRICTION RIDGE ANALYSIS
- Page 4

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108

examiners "the courts should take into account at least three factors in particular to determine validity as applied".

First, given the subjectivity associated with latent fingerprint analysis, the PCAST report concluded that it is "scientifically unjustified" to find that an examiner is capable of a reliable analysis unless he has completed "regular and rigorous proficiency testing". *Id*. at 101.[3] [If true: even if the examiner has undergone *regular* proficiency testing, the government cannot establish that any such testing was rigorous. Indeed, "testing services have stated that forensic community prefers that tests not be too challenging". *Id*. at 57.]

Second, "[i]n any given case, it must be established that the latent print(s) are of the quality and completeness represented in the foundational validity studies". *Id*. at 101. Third, this Court should consider the extent to which the examiner in the particular case has "taken measures … to mitigate bias during casework". *Id*. For example, the examiner should demonstrate that s/he employed "linear ACE-V" by completely documenting his/her analysis of the latent fingerprint before looking at any known fingerprint and separately documenting any additional data used during comparison and evaluation. *Id*. at 101. Similarly, safeguards should be in place to ensure the examiner was not exposed to biasing information.

In sum, from a scientific standpoint, validity as applied requires that an expert:

(1)     has undergone appropriate proficiency testing to ensure that she is capable of analyzing the full range of latent fingerprints encountered in case work and reports the results of the proficiency testing;

---

[3] "Rigorous proficiency testing" includes, *inter alia*, double blind proficiency testing on samples that represent the full range of latent prints encountered in casework and broad disclosure of proficiency tests to the scientific community for evaluation of the tests. *See id*. at 57-58, 102, 134.

SECOND MOTION FOR *DAUBERT* HEARING AND TO EXCLUDE TESTIMONY OF FRICTION RIDGE ANALYSIS - Page 5

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108

(2)    discloses whether he or she documented the features in the latent print in writing before comparing it to the known prints;

(3)    provides a written analysis explaining the selection and comparison of the features;

(4)    discloses whether, when performing the examination, he or she was aware of any other facts of the case that might influence the conclusion; and

(5)    verifies that the latent print in the case at hand is similar in quality to the range of latent prints considered in the foundational studies.

*United States v. Bonds*, 922 F.3d 343 (7th Cir. 2019).

To establish the reliability of a result and the validity of the methodology as applied by the examiner, the court must determine the validated method was conducted appropriately.  In order to make that determination, the Court should conduct a hearing pursuant to *United States v. Daubert*, *supra* to determine the admissibility of this friction ridge evidence.

DATED this 21st day of January 2022.

Presented by:

/s/ Richard A. Smith
RICHARD A. SMITH, WSBA 15127

/s/ Mark A. Larrañaga
MARK A. LARRAÑAGA, WSBA 22715

/s/ Stephen R. Hormel
STEPHEN R. HORMEL, WSBA 18733

Attorneys for Defendant Donovan Cloud

SECOND MOTION FOR *DAUBERT* HEARING AND TO
EXCLUDE TESTIMONY OF FRICTION RIDGE ANALYSIS
- Page 6

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on January 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties.

/s/ Lugene M. Borba
LUGENE M. BORBA
Legal Assistant, Smith Law Firm